## ROBERTS et al. v. COUNTY OF ROBERTSON.

### No. 1166.

Court of Civil Appeals of Texas. Waco.
March 24, 1932.

Rehearing Denied April 21, 1932.

Robert F. Higgins, of Tyler, and J. L. Goodman, of Franklin, for appellants.

T. L. Tyson, of Franklin, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by appellants, Edward W. Roberts and his minor son, John C. Roberts, represented by a guardian ad litem, from a judgment of the county court condemning a certain strip of land belonging to them for highway purposes. Appellee, acting by and through its commissioners' court and in pursuance of Acts 39th Leg. (1925), c. 186, § 14 as amended by Act of the 41st legislature (1930) 5th Called Sess., p. 243, c. 79, § 1 (Vernon's Ann. Civ. St. art. 6674n) instituted this proceeding at the request and in behalf of the state highway commission to condemn said strip of land. The case was tried to a jury on special issues. The substance of the jury's findings, so far as material to this appeal, is as follows: (a) The reasonable value of appellant Edward W. Roberts' interest in the strip of land condemned was $150; (b) the reasonable value of the minor appellant John C. Roberts' interest in the strip of land condemned was $150; (c) the taking of such strip of land and the use of the same for highway purposes will not damage the value of the interest of either of appellants in the remainder of the tract; (d) the reasonable and necessary expense of moving and rebuilding the fence along the western line of the strip taken will be $135. The court rendered judgment on the verdict, condemning the strip of land involved for highway purposes, and awarding appellants recovery of the respective sums found by the jury as the value of the land taken and the cost of moving and rebuilding the fence. Appellants, being dissatisfied with the compensation awarded in said judgment, present the same to this court for review.

### Opinion.

Appellants present an assignment of error in which they complain of the refusal of the court to give a peremptory instruction to the jury to find a verdict for them refusing

condemnation of said strip of land. The specific contention urged thereunder is that appellee's petition for condemnation does not describe the land sought to be condemned with sufficient certainty to identify the same. The field notes are lengthy, and it is not necessary to recite the same in full. They describe, in substance, a strip off the east side of appellants' lands 8,869 feet long and 47 feet wide, except immediately in front of appellants' residence, where such strip is only 27 feet wide. The call for the west line of said strip is south from the northwest corner thereof, parallel with the center line of the railroad and the present highway. The call for the east line thereof is north along the east line of appellants' tract of land, parallel with the center line of the railroad and present highway. There is testimony that the center line of the railroad is not parallel with the present highway. The exact variation, however, is not shown, but it is shown affirmatively that it is comparatively slight. The testimony shows that the railway maintained a fence along its right of way, and that the space between said right of way fence and the east line of appellants' land was used as a highway. The purpose of condemning said strip was to widen such highway. It is therefore apparent that the east line of the strip described and the west line of the highway coincide throughout, and are therefore necessarily parallel. The fact that the railroad may for a short distance diverge from a parallel with the original highway and the east line of the land to be taken merely constitutes a slight element of misdescription. The rule in this state is that a petition for condemnation of land shall describe the same with the certainty required in a conveyance, that is, sufficiently to enable a surveyor to identify and mark the land so described on the ground. Parker v. Fort Worth & D. C. Ry. Co., 84 Tex. 333, 337, 19 S. W. 518; 16 Tex. Jur. pp. 737, 738, § 122, and authorities cited in notes 9 and 10. Where land is otherwise described with sufficient certainty to enable same to be properly identified and located on the ground, a false and contradictory element of description is harmless. Hunt v. Evans (Tex. Civ. App.) 233 S. W. 854, 856, par. 2 (writ refused); Polk v. Carey (Tex. Civ. App.) 247 S. W. 568, 570, par. 6, and authorities there cited; Arambula v. Sullivan, 80 Tex. 615, 619, et seq., 16 S. W. 436; 14 Tex. Jur. p. 1003, § 214, and authorities cited in notes thereto. Consideration of the field notes contained in the petition of condemnation as a whole renders the location of the tract taken sufficiently certain to meet the requirements of the law.

■ Appellants contend that the terms of article 6704, Revised Statutes, as amended in 1929 (Acts 1929, c. 197 [Vernon's Ann. Civ. St. art. 6704]), restricting first-class roads to a width of 100 feet, apply to state highways.

They further contend in this connection that the strip taken, when added to the present highway, will increase the width of the same beyond such statutory limit. The testimony shows that for the greater part of the distance the 47 feet taken added to the present highway will not increase the width of the whole so as to exceed 100 feet. There are places, however, where the distance between the railroad's right of way fence and the west line of the land taken will exceed 100 feet. There is no proof that in such places the railroad's right of way fence is in fact on its line, and that all the land west of the same constitutes a part of the present highway. Said article is a part of chapter 2, title 116 of said statutes, which chapter prescribes the procedure to be followed by commissioners' courts in establishing and opening public roads by jury of view process, and the width of such roads is controlled thereby. Bryan v. McKinney (Tex. Civ. App.) 279 S. W. 475, 480, par. 3 (writ refused). The Legislature, by the Act of 1925, 39th legislature, chapter 186, p. 456 (Vernon's Ann. Civ. St. art. 6674a et seq.), as modified by the several amendments thereto, has conferred on the state highway commission authority to locate, construct, and maintain a system of state highways, and has authorized it, when deemed necessary, to purchase or condemn all land required for right of way for establishing or widening such highways, and for material to be used in constructing the same. Article 6674n of said act, as amended, confers authority on the commissioners' courts of the several counties to institute such condemnation proceedings in behalf of the state; but the highway commission is charged with the duty of furnishing field notes and plats describing the land to be taken for the purpose of establishing or widening such highways. There is no provision limiting the amount of land to be taken in establishing or widening state highways. Discretion in such matters is vested in the commission. The field notes prepared and furnished by the highway commission as contained in the complaint or petition for condemnation, after describing the land to be taken, concluded with a declaration that the purpose of the proceeding was the acquisition of a strip of land approximately 47 feet wide, parallel and contiguous to the present highway, thereby obtaining and providing a total right of way 100 feet wide. If the enlarged highway is at places more than 100 feet wide, such fact in no way affects the validity of the judgment of the court condemning said strip of land. See, in this connection, O'Keefe v. Hudspeth County (Tex. Civ. App.) 25 S.W. (2d) 625, 627, pars. 5 and 6; Hall v. Wilbarger County (Tex. Civ. App.) 37 S.W.(2d) 1041, 1045, par. 7.

■■ Appellants present assignments of error in which they contend that the finding of

the jury that the taking of the strip of land involved herein will not damage the value of the interest of either of appellants in the remainder of the tract is without support in the evidence. The burden was on appellants to show such damage. The testimony on such issue was sharply conflicting. The trial court overruled the motion for a new trial, and we are not authorized to disturb the verdict of the jury. El Paso Electric Co. v. Whitemack (Tex. Com. App.) 1 S.W.(2d) 594, 595, par. 2; Bank of Fredericksburg v. Wendel (Tex. Civ. App.) 11 S.W.(2d) 341, 342, par. 2; Columbia Casualty Co. v. Ray (Tex. Civ. App.) 5 S.W.(2d) 230, 231, par. 1; Dunlop Tire & Rubber Co. v. Teel (Tex. Civ. App.) 14 S.W.(2d) 104, 105, par. 1.

Appellants in their last assignment of error assail the finding of the jury that the reasonable and necessary expense of moving and rebuilding the fence along the western line of the strip taken would be $135. They contend that such finding is contrary to the undisputed evidence. The only testimony on this particular issue was: "It will cost in actual labor and material the sum of $253.87 to take down and replace the fence along the strip to be taken." This testimony came from one of the appellants, and no detail of the amount of labor and material required or the price thereof was given. Appellant being an interested witness, the jury was not bound to adopt his estimate of the reasonable value of the labor and material required to remove and replace the fence, notwithstanding it was uncontradicted. Kibby v. Kessler (Tex. Civ. App.) 225 S. W. 277, 279, par. 2; Buchanan v. Bowles (Tex. Civ. App.) 218 S. W. 652, and authorities there cited.

The judgment of the trial court is affirmed.