**ELECTRIC WIRE & CABLE CO., Inc.,. Appellant,**

**v.**

**Walter RAY, Indv. and d/b/a Ray's Machine and Fabricating Company et al., Appellees.**

No. 369.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 10, 1970.

Rehearing Denied July 8, 1970.

Carl L. Ray, Tabor & Ray, James T. Russell, Houston, for appellant.

Charles L. Clements, Grant Cook, Houston, for appellees.

SAM D. JOHNSON, Justice.

This action was brought by Walter Ray, individually and doing business as Ray's Machine and Fabricating Company for recovery of labor and materials furnished in repairing a 20-ton overhead bridge crane. Defendants in the trial court were Electric Wire & Cable Co., Inc. and McIver and Smith Fabricators, Inc. The trial court entered judgment against Electric Wire & Cable Co., Inc., and that defendant has duly perfected appeal. The parties will sometimes be referred to as Ray, Electric and McIver, respectively.

In November, 1965, McIver needed a crane in order to satisfy a contractual agreement not pertinent to this action. Bart Denton informed McIver that he knew of a crane, located in New Orleans, Louisiana, which would satisfy this need. At that time Denton, although describing himself as a freelance salesman, had his office in the building and place of business of Electric. The crane was to be purchased by McIver from Electric for a total price of $6,000. The sum of $5,000 was to be made as a down-payment. The $1,000 balance was to be paid by McIver to Electric after the crane was repaired and modified in order to adapt it to McIver's needs. The balance, however, was eventually paid prior to the crane being placed in an operating condition suitable to McIver.

Upon the arrival of the crane at McIver's place of business it became apparent that significant renovations would be necessary in order to make the crane suitable to McIver. Pursuant to this end Phillip Smith, president of McIver, asked Bart Denton to engage someone to do the necessary machine work. Thereafter Denton engaged Ray to make the necessary repairs and Ray expended labor and materials on the crane during the month of December and January. Subsequent to Ray's work the crane still was not operable under the guidelines originally called for by McIver. Electric undertook substantially more repairs but the crane, a 1935 or 1936 model, was never made suitable for the work that McIver had intended it to be used. At this point it became apparent that both Ray and Electric, which had enjoyed good business relations prior to this occurrence, had suffered losses on the transaction. Accordingly, the crane was sold, and the proceeds divided in accordance with an agreement reached between Electric and McIver.

Ray, however, had never been paid for the work he had done on the crane. At first he sought payment from McIver and then later, he testified, from Electric. Failing to receive satisfaction from either he brought this action against both defendants. Electric filed a cross-action against McIver but took a nonsuit thereon.

In answer to special issues the jury found that McIver did not accept the benefits of labor and materials furnished by Ray, but the jury did find that Electric accepted such benefits and that the reasonable value thereof was $2,136. Electric alone perfects appeal to this Court.

Electric's first five points of error assert insufficiency of the evidence to support recovery based upon the theory of quantum meruit. Quantum meruit does not grow out of contract but is based upon promises implied by law to pay for beneficial services rendered and knowingly ac-

cepted. Davidson v. Clearman, 391 S.W. 2d 48 (Tex.Sup.1965).

■ Electric contends in this Court that there was insufficient evidence to find knowledge or acceptance of the work performed by Ray on their part. Much emphasis is placed upon Electric's alleged lack of knowledge as to the actions of Bart Denton in relation to the transaction. Several facts should be noted in this regard. Bart Denton occupied an office in Electric's place of business and up until shortly before the sale he had worked exclusively for Electric. On several occasions he contracted for Electric with Ray. Denton testified that he could bind Electric in many transactions but usually did not do so without specific approval of Electric's officers, Harry B. Schubeck, Sr. and Harry B. Schubeck, Jr. Denton further testified that he reported to Electric every business opportunity with which he came in contact so that Electric might have the first opportunity in any transaction. In the instant case there is no dispute that the crane as originally delivered to McIver did not meet the standards agreed to by McIver and Electric. Bart Denton, who conducted the sale for Electric and who was entitled to a commission on the sale from Electric, knew of this fact. Electric was also fully cognizant of its obligation to get the crane into a condition suitable to McIver. Electric even supplied parts to Ray towards meeting this responsibility. These facts constitute more than sufficient evidence upon which to uphold a finding that Electric had knowledge of Ray's activities.

■ Electric's contention that Denton was not an agent of Electric is without merit in this case. There need not be actual agency on the part of one who procures material or labor for the defendant in an action for quantum meruit. Colbert v. Dallas Joint Stock Land Bank, 136 Tex. 268, 150 S.W.2d 771 (Tex.Com. App.1941), opinion adopted; Blalack v. Johnson, 293 S.W.2d 811 (Tex.Civ.App. 1956), no writ hist.

■ Electric also asserts that there was no evidence as to the value of the materials and labor rendered by Ray. The record makes clear that both Ray and Denton had extensive experience in the machinery business. Each testified that the sum charged for the material and labor was a fair and reasonable price. Electric apparently contends that such testimony does not support the issues inquiring as to the value of the material and labor. After a careful examination of the record it is clear that the testimony complained of was in response to questions designed to determine the reasonable worth of the material and labor. Under such circumstances the answers which stated that the amounts testified to were a reasonable sum for such material and labor were some evidence of value. See Quinn v. Wilkerson, 195 S.W. 2d 399 (Tex.Civ.App.1946), no writ hist.

■ It is also to be noted that the record contains written correspondence between the parties concerning the work to be done and the costs thereof. These documents are apparently the basis for Electric's contention, which will be discussed later, that the instant record establishes an express contract and precludes a recovery on quantum meruit. We agree that these documents are some evidence of an expressed contract. It therefor follows that the prices quoted therein are also evidence of the reasonable value of the materials and labor furnished. Montclair Corp. v. Earl N. Lightfoot Paving Co., Inc., 417 S.W. 2d 820 (Tex.Civ.App.1967), writ ref., n. r. e. In the Montclair case, as here, the action was brought on alternative theories of express contract and quantum meruit. The court in the Montclair case not only held the evidence sufficient to support a recovery on the theory of quantum meruit, but also held that the contract price was evidentiary on the value of labor and materials furnished. The facts and result of Montclair are directly applicable to the case at bar. The contract prices in the instant record also provide some evidence of value. There being sufficient evidence

in the record upon which to base the trial court's judgment, points of error one through five are overruled.

■ In Electric's sixth point of error it asserts that certain testimony of Ray amounted to a judicial admission that Electric owes Ray only $230 of the total sum for which suit was brought. Ray did testify in reply to leading interrogatories on cross-examination that he looked to Electric for $230 and that was what Electric owed him. But Ray also testified that he was suing both defendants for what was owed him. Ray may well have felt that Electric had been initially responsible for the particular $230 under discussion. This would not preclude Ray, who admittedly did not understand the nature of a lawsuit, from recovering what actually might be owed him by Electric. Further, as noted above, the overall testimony of Ray does not reflect the alleged judicial admission to be a deliberate, clear, unequivocal statement that he did not seek more than $230 from Electric. See Griffin v. Superior Ins. Co., 161 Tex. 195, 338 S.W.2d 415 (1960). Finally, it was up to the jury to reconcile and pass on any inconsistencies in the testimony of the plaintiff. Blalack v. Johnson, supra. Point of error number six is overruled.

■ Electric's seventh point of error is directed to its contention that there was only evidence of an express contract, and therefore judgment could not be rendered on the inconsistent theory of quantum meruit. The theory of quantum meruit is inconsistent with the existence of a valid expressed contract and the presence of the latter precludes recovery on the former. Woodard v. Southwest States, Inc., 384 S.W.2d 674 (Tex.Sup.1964); Teague v. Edwards, 159 Tex. 94, 315 S.W.2d 950 (1958). It is to be noted, however, that in both of the cases last cited there was an admitted valid express contract in existence. No such contract was admitted in the instant case. Indeed there were elements of both an expressed contract and quantum meruit in the case at bar. Under such circumstances both theories may be pled alternatively and recovery had on either theory proved. Musick v. Pogue, 330 S.W.2d 696 (Tex.Civ.App.1959), writ ref., n. r. e.; Roby Industries, Inc. v. Maxwell Electronics Corp., 409 S.W.2d 559 (Tex.Civ.App.1966), writ ref., n. r. e. Point of error number seven is overruled.

■ In point of error number eight Electric complains that there is no evidence that Electric promised to pay Ray for the services rendered. Such a promise is not necessary in a recovery on the theory of quantum meruit. There was material and labor supplied in the case at bar. There was evidence to support a finding that Electric knew of the service and accepted its benefits. A promise to pay is not necessary under the theory of recovery relied upon. Electric's eighth point of error is overruled.

■ In its last point of error Electric urges that the work performed by Ray was not set out specifically enough to give Electric notice of the claim upon which recovery is sought. The record is replete with evidence of the exact labors performed and materials furnished. The record reflects that Electric was cognizant of enough of these matters to ably contest them. No exceptions, however, were levied by Electric against the claim as originally made in plaintiff's petition. Electric may not now complain of lack of notice as to the claim against it. Point of error number nine is overruled.

The judgment of the trial court is affirmed.