John S. BOONE, Sr., and Wife,
Mary M. Boone, Appellants,

v.

PANOLA COUNTY, Appellee.

No. 12–92–00321–CV.

Court of Appeals of Texas,
Tyler.

June 29, 1994.

Rehearing Denied July 28, 1994.

William J. Kolb, Corpus Christi, for appellants.

Rick McPherson, Carthage, for appellee.

RAMEY, Chief Justice.

Appellants John S. Boone, Sr., and wife, Mary M. Boone ("the Boones"), complain of a condemnation judgment rendered below after a jury verdict in favor of Appellee Panola County ("the County"). The Boones bring two points of error. We will affirm the judgment.

The County brought this action to condemn 48 acres of a 116 acre tract owned by the Boones situated next to the Panola County Airport ("the property"). After hearing the evidence the jury found that the proposed taking was for a public purpose and that a sum of fifty thousand dollars would compensate the Boones for the taking of their property.

In their first point of error, the Boones assert that the court was without jurisdiction to enter the judgment because of a discrepancy between the legal description of the

property in the pleadings and the legal description in the judgment. The property lies within a six-sided figure which may be described as a long rectangle running north-south with a small, narrow rectangular figure extending from the southeastern corner, in the same manner that the "panhandle" extends westward from the roughly rectangular shape of the state of Oklahoma. At issue is the length of the "panhandle" boundary originating at the inside corner. According to a survey by W.F. Gates and Associates ("Gates"), in an appraisal of the property for the County, this boundary is described as follows:

> THENCE S 8 [degrees] 12' E with the fence along the Southerly West line of the said tract a distance of *363.7* feet to a fence corner for the Southerly Southwest corner of the same on the North Right–of–Way line of U.S. Highway No. 79.... (Emphasis added).

A drawing of the property prepared by the surveyor, dated January 30, 1984, demonstrates that the boundary referenced above is between 350 and 375 feet in length.[1]

In the County's First Amended Petition for Condemnation, filed July 10, 1990, and in the Award of Special Commissioners, filed August 7, 1990, this same fifth boundary is described as follows:

> THENCE S 8 [degrees] 12' E with the fence along the Southerly West line of the said tract a distance of *63.7* feet to a fence corner for the Southerly Southwest corner of the same on the North Right–of–Way line of U.S. Highway No. 79.... (Emphasis added).

This boundary differs from the one described in the Gates survey insofar as the first digit of the length has been omitted, and the length formerly given as 363.7 feet is stated to be 63.7 feet. The court's judgment condemning the property utilized the 363.7 figure, and thus introduced a variance between the pleading and the judgment.

■ The Boones argue that this discrepancy renders the judgment void, since "[t]he petition's description of the property is the basis for the [condemnation] decree." *Coastal Industrial Water Authority v. Celanese Corp.*, 592 S.W.2d 597, 600 (Tex.1979). The adequacy of the description in the petition is tested by the same standard used to test the adequacy of a description in a deed. *Ibid.* But the description in the petition need not be perfect or flawless; if the land is described with sufficient certainty, "a false and contradictory element of description is harmless." *Roberts v. County of Robertson*, 48 S.W.2d 737, 738 (Tex.Civ.App.—Waco 1932, writ ref'd). The description is sufficiently certain if "a surveyor could go upon the land and mark out the land designated." *Smith v. Gulf States Utilities Co.*, 616 S.W.2d 300, 304 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd, n.r.e.).

■ We conclude that a surveyor, having only the description in the pleadings, would mark out the same parcel of land that would be marked out following the description given in the judgment. As can readily be ascertained by examining the drawing, the use of a 63.7 foot length for the fifth boundary results in a figure which fails to close; that is, the final boundary line fails to terminate at the point at which the metes and bounds commenced. In examining the reason for the failure of the circumference to close, a surveyor would note a discrepancy in the description, that the 63.7 foot line of the fifth boundary fails to reach "to a fence corner for the Southerly Southwest corner of the same on the North Right–of–Way line of U.S. Highway No. 79." In resolving conflicts of this kind, references to monuments—that is, tangible landmarks—prevail over courses and distances for the purpose of defining the location of a boundary, even if this means changing the distance. 6 Thompson on Real Property, 1962 Replacement Ed. 571–72, sec. 3044. *Bickler v. Bickler*, 403 S.W.2d 354, 361 (Tex.1966). "Distance" is the weakest of all calls and will yield to monuments fixing the actual line. *Wheeler v. Stanolind Oil & Gas Co.*, 151 Tex. 418, 252 S.W.2d 149, 151 (1952). *Warren v. Swanzy*, 361 S.W.2d 479, 484 (Tex. Civ.App.—Beaumont 1962, writ ref'd, n.r.e.).

---

1. The scale of the drawing is one inch to two hundred feet, and the length of the boundary corresponding to the fifth boundary of the survey is approximately 1.8 inches, yielding a rough length of three hundred and sixty feet.

Extending the fifth boundary to the highway right-of-way as called for in the field notes reveals not only that such new distance is precisely three hundred feet longer than the erroneous distance, but also that the new distance of 363.7 feet allows the circumference to close when the sixth and last boundary begins from the termination point of such 363.7 foot segment. It is thus evident that the parcel set out in the judgment is identical to the parcel described in the pleadings.

■ The Boones assert that, because the court's jurisdiction extends only to land identified in the petition, the judgment below must be void. We agree that, if the petition clearly identifies a particular piece of property, and the judgment awards such property *and additional property*, the court has exceeded its jurisdiction. *Stubblefield v. State*, 425 S.W.2d 699 (Tex.Civ.App.—Tyler 1968, writ ref'd, n.r.e.). But the case before us involves a different situation, not a judgment which awards property in addition to that prayed for in the petition, but a judgment correcting an error in one distance call contained in the petition. It is apparent from the record that no one was misled by the dropped digit in the petition.[2] A "slight element of misdescription" does not make a condemnation judgment void when "[c]onsideration of the field notes contained in the petition of condemnation as a whole renders the location of the tract taken sufficiently certain to meet the requirements of the law." *Roberts v. County of Robertson*, 48 S.W.2d at 738.

Because the parcel defined in the judgment described the same parcel of land set out in the pleadings, there is no error in the judgment. The Boone's first point of error is overruled.

■ In their second point of error the Boones assert that the County, in closing argument, engaged in incurably prejudicial jury argument. The complained-of remarks were in response to the Boones' closing argument that this taking was not for a public purpose, that building an airstrip that could accommodate Lear jets was like forming a "club for millionaires." The County responded, in part, as follows:

> And now these—this club for rich kids, for rich executives, is folks like executives with Tyson, with L.P., with United Gas, Union Pacific. What would Panola County be without those jobs? Each one of those executives represents hundreds of jobs for this community. And the day is going to come when we can't rely on oil and gas. And if we don't have jobs to take care of our schools, to provide income for folks so that they can spend money in our businesses, in our stores, so that they can pay taxes, then we're going to have quite a problem. And when that happens, it's going to be too late to plan for it then[,] when ... the time to plan for it is right now. Now, maybe we're not uptown enough like Corpus Christi to have an airport like this. Maybe we're not uptown like Longview to have an airport like this. But, the folks that worked on the Industrial Foundation thought we were. They had a dream about what Panola County could be. And that's what this is about. This is about our future and our kid's future. And I submit to you that the only way to answer this question is yes, it is for a public purpose....

The Boones argued that the references to not being as "uptown" as Corpus Christi, where the Boones were then living, and to "our future and our kid's future," impermissibly appealed to local prejudice.

> To obtain reversal of a judgment on the basis of an improper jury argument, an appellant must prove: (1) error; (2) that was not invited or provoked; (3) that was preserved by the proper trial predicate, such as an objection, a motion to instruct, or a motion for mistrial; (4) was not cura-

---

2. The Boones' own appraisal report, which was admitted into evidence, recognized that the boundary at issue here extended along the whole length of the fence to the highway right-of-way. This surveyor's field notes showed the length of the disputed boundary as 371.15 feet, and the plat matched the plat prepared by Gates in every respect relevant to this claim. The parcel that the County sought to condemn was all that land on one side of an undisputed line drawn through the Boones' original 116 acre parcel. In short, the identity of the property to be taken was not a matter contested during the trial.

ble by an instruction, a prompt withdrawal of the statement, or a reprimand by the judge. *Standard Fire Insurance Company v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979). There are only rare instances of incurable harm from improper argument. *Id.* In those cases, appellant must show that the argument by its nature, degree, and extent constituted reversibly harmful error. *Id.* That is, the "probability that the verdict was based upon proper proceedings and evidence." *Id.* In making that determination, an appellate court must examine the improper jury argument in light of the whole case, beginning with voir dire and ending with closing argument. *Id.* The Court must look at the length of the argument, whether it was repeated or abandoned, whether there was cumulative error, and the probable effect of the argument on a material finding. *Id. Haryanto v. Saeed*, 860 S.W.2d 913, 919–20 (Tex.App.—Houston [14th Dist.] 1993, writ denied). We initially note that, in context, the challenged argument was not necessarily improper. Insofar as the public purpose of the taking was disputed by the Boones, the County could not argue such issue without some reference to the importance of the project to the future needs of the residents of Panola County. The reference to "our future and our kid's future" can most naturally be understood as a synonym for the public interest, which the Boones put into issue by their argument.

■ Even if the complained-of phrasing was erroneously prejudicial, the Boones failed to object to it, and, to show reversible error, must therefore establish that such error was not curable by an instruction to the jury to disregard it. *Haryanto v. Saeed*, 860 S.W.2d at 919. Only such error that somehow strikes at the heart of the adversarial process, or appeals to deep-seated and universally execrated prejudices will meet this exacting standard. *Circle Y of Yaokun v. Blevins*, 826 S.W.2d 753, 758 (Tex.App.—Texarkana 1992, writ denied) (argument that "opposing counsel manufactured evidence, suborned perjury, or was untruthful."). *Texas Employers' Ins. Ass'n v. Guerrero*, 800 S.W.2d 859, 866–67 (Tex.App.—San Antonio 1990, writ denied) (arguments intentionally

invoking bias based on a party's race or ethnicity). Our review of the record leads us to conclude that these challenged remarks, even if improper, constituted an isolated matter neither repeated nor emphasized elsewhere in the record. The Boones have cited no instances of similar arguments being held incurably prejudicial. We conclude that any harm complained of here could have been cured by an instruction to disregard. *See Sanders v. St. Paul Fire & Marine Insurance Co.*, 429 S.W.2d 516, 525 (Tex.Civ. App.—Texarkana 1968, writ ref'd, n.r.e.) (error in jury argument bolstering witness by telling jury that he was a "home town boy" who played football "here at Henderson" was cured by objection and jury instruction). The Boones' second point of error is overruled.

The judgment is affirmed.