**UNIVERSITY OF HOUSTON–
CLEAR LAKE, Appellant,**

v.

**Karen MARSH, Appellee.**

No. 01–98–00091–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 19, 1998.

Maria Teresa Cantu, Austin, for Appellant.

Robert F. Stein, Amy Jane Sonnenberg, Houston, for Appellee.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

O'CONNOR, Justice.

The University of Houston—Clear Lake (UH–CL), defendant below, appeals from a judgment in which the trial court determined that Karen Marsh, plaintiff below, was the prevailing party and awarded Marsh her taxable costs. We affirm.

### Factual and Procedural Background

Marsh worked for a security company that provided security services to UH–CL. In September 1993, Marsh was injured when she was enveloped in a fine mist of gasoline spray while she was filling a UH–CL patrol car with gasoline. Marsh inhaled some of the atomized gasoline, which damaged her lungs and pulmonary system.

In 1994, Marsh sued UH–CL and the manufacturer of the pump, Tokheim Corporation. Marsh and Tokheim settled before going to trial for $15,000, and UH–CL elected to take a dollar credit under sections 33.012(b) and 33.014 of the Civil Practice & Remedies Code. The case proceeded to trial before a jury.

The jury answered the following questions:

Question Number One: Did the negligence, if any, of those named below proximately cause the occurrence in question?

| | | |
|---|---|---|
| a. | University of Houston—Clear Lake? | Yes |
| b. | Karen Marsh? | Yes |
| c. | Tokheim Corp., gasoline pump manufacturer? | Yes |

Question Number Two: For each person ... found by you to have caused the injury, find the percentage caused by

| | | |
|---|---|---|
| a. | University of Houston—Clear Lake? | 70% |
| b. | Karen Marsh? | 10% |
| c. | Tokheim Corp., gasoline pump manufacturer? | 20% |

Question Number Three: What sum of money, if paid now in cash, would fairly and reasonably compensate Karen Marsh for her injuries, if any, that resulted from the occurrence in question?

. . . .

Answer: $15,000

Question Number Four: At the time of the incident in question, was Karen Marsh acting as a borrowed employee of the University of Houston—Clear Lake?

A "borrowed employee" is one who, while in the general employment of one employer, is subject to the right of another employer or his agents to direct and control the details of the particular work inquired about and is not merely cooperating with suggestions of such other employer.

Answer: Yes

Marsh filed a motion for judgment on the verdict asking the court to disregard the jury's answer to question four on the ground that UH–CL did not prove it had workers' compensation insurance. The trial court held a hearing on the motion, but no record of the hearing was made. In September 1997, the trial court signed a judgment, in which it incorporated the jury's verdict and stated,

A hearing was held on July 25, 1997. After receiving oral argument, the Court granted [Marsh's] motion in part and denied it in part because it appeared that ... Marsh was the prevailing party and judgment should be rendered for [her]. The Court awarded ... Marsh only her taxable costs of court, all damages assessed by the jury having been set off by [UH–CL's] election of a dollar credit equal to the sum of [Marsh's] settlement with Tokheim Corporation.

UH–CL moved to reform the judgment, contending that (1) UH–CL prevailed on its affirmative defense of borrowed servant because of the jury's answer to question four, (2) the exclusive remedy provision of the Workers' Compensation Act (the Comp Act) barred Marsh's negligence claim against UH–CL because she was a borrowed servant, and (3) the jury's answer to question

four entitled UH–CL to a take-nothing judgment. UH–CL asked the court to reform the judgment to award to UH–CL its taxable costs. UH–CL's motion was overruled by operation of law, and this appeal followed.

On appeal, UH–CL argues that the trial court erred in finding that Marsh was the prevailing party for purposes of assessing costs, and the trial court abused its discretion by ordering UH–CL to pay Marsh her taxable costs of court.

### Who May Recover Costs of Court?

The successful party shall recover costs from its adversary. Tex.R. Civ. P. 131. A "successful party" is one who obtains a judgment of a competent court vindicating a civil claim of right. Operation Rescue v. Planned Parenthood, Inc., 937 S.W.2d 60, 86 (Tex.App.—Houston [14th Dist.] 1996, no writ); Perez v. Baker Packers, 694 S.W.2d 138, 143 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The allocation of costs is a matter for the trial court's discretion and cannot be overturned on appeal unless the trial court abused its discretion. Operation Rescue, 937 S.W.2d at 86. A trial judge must allocate costs according to the provisions of rule 131 unless it makes a finding of good cause. Id. at 87; Tex.R. Civ. P. 141. In this case, the trial court did not make any finding relating to good cause.

The issue regarding the allocation of costs depends on who was the prevailing party in the suit below. That issue depends upon whether UH–CL successfully asserted and proved its affirmative defense that Marsh was a borrowed employee.

An employee who receives compensation benefits for a covered injury is barred from suing the employer by the Comp Act's exclusivity provision. Medina v. Herrera, 927 S.W.2d 597, 603 (Tex.1996). The Comp Act provides that the recovery of workers' compensation benefits is the "exclusive remedy" of an employee covered by workers' compensation insurance coverage against the employer for the death of, or a work-related injury sustained by, the employee. Tex. Lab.Code § 408.001.

To prevail on its defense, UH–CL was required to plead and prove (1) Marsh was a borrowed servant, (2) Marsh was entitled to workers' compensation benefits, and (3) UH–CL had workers' compensation insurance that covered claims asserted by borrowed servants. See Exxon Corp. v. Perez, 842 S.W.2d 629, 630–31 (Tex.1992) (Exxon entitled to question on its affirmative defense because it pled and proved its subscriber status and that Perez was its borrowed servant); Guerrero v. Standard Alloys Mfg. Co., 598 S.W.2d 656, 657 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.) (plaintiff, who was employed by "supplier of contract labor" and worked for defendant was not barred from recovering on claim against defendant because defendant neither pled nor proved it had workers' compensation insurance); Johnston Testers v. Rangel, 435 S.W.2d 927, 930–31 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.) (defendant not entitled to issue on its defense that plaintiff was borrowed servant whose sole remedy was under Comp Act because defendant did not prove plaintiff was entitled to workers' compensation benefits or that defendant had workers' compensation insurance).

### Did UH–CL Prove its Affirmative Defense?

The determination of a successful party under rule 131 must be based on a party's success upon the merits, not upon damages. Perez, 694 S.W.2d at 143. Marsh contends she was the successful party because the jury found UH–CL 70 percent negligent. UH–CL asserts that it prevailed because the jury found that Marsh was a "borrowed servant," and, therefore, her claim against UH–CL was barred.

#### (1) Was Marsh a borrowed servant?

The jury found, in answer to question number four, that Marsh was a borrowed servant of UH–CL because it exercised control over her work.

#### (2) Did UH–CL have workers' compensation insurance?

UH–CL asserts that, as a state agency, it has workers' compensation insurance as a

matter of law because it is a component of the University of Houston, a public university created by the Legislature, and under the Comp Act, the State is self-insuring with respect to an employee's compensable injury.

Marsh asserts, and UH–CL does not dispute, that UH–CL did not present evidence that it had workers' compensation insurance or that it was covered by such insurance. However, when an issue is established as a matter of law, it is not an issue for the jury to decide and the trial court should not submit it to the jury. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222–23 (Tex.1992); *Cannon v. ICO Tubular Serv., Inc.*, 905 S.W.2d 380, 393 (Tex.App.—Houston [1st Dist.] 1995, no writ). Here, the issue of UH–CL's coverage for worker's compensation is established as a matter of law by statute. UH–CL is a component of the University of Houston system, a public university created by the Legislature. Tex. Educ. Code §§ 111.81—82. Under the Comp Act, the State is self-insured with respect to an employee's compensable injury. Tex. Lab. Code § 412.012(c). Thus, UH–CL was not required to present evidence to prove this issue or submit this issue to the jury.

### (3) Was Marsh entitled to workers' compensation benefits?

Nothing in the record indicates whether Marsh was entitled to receive workers' compensation benefits from UH–CL for her injury. Although UH–CL pled that Marsh was a "borrowed servant," it did not plead Marsh was entitled to worker's compensation benefits. Because we do not have a reporter's record, we do not know whether UH–CL presented evidence on this issue at trial.

The Comp Act permits an employee to opt out of workers' compensation coverage. Labor Code section 406.034, "Employee Election," provides:

(a) Except as otherwise provided by law, unless the employee gives notice as provided by Subsection (b), an employee of an employer waives the employee's right of action at common law or under a statute of this state to recover damages for personal injuries or death sustained in the course and scope of the employment.

(b) *An employee who desires to retain the common-law right of action to recover damages for personal injuries or death shall notify the employer in writing that the employee waives coverage under this subtitle and retains all rights of action under common law.* The employee must notify the employer not later than the fifth day after the date on which the employee:

(1) begins the employment; or

(2) receives written notice from the employer that the employer has obtained workers' compensation insurance coverage if the employer is not a covered employer at the time of the employment but later obtains the coverage.

(c) An employer may not require an employee to retain common-law rights under this section as a condition of employment.

(d) An employee who elects to retain the right of action or a legal beneficiary of that employee may bring a cause of action for damages for injuries sustained in the course and scope of the employment under common law or under a statute of this state. Notwithstanding Section 406.033, the cause of action is subject to all defenses available under common law and the statutes of this state.

Tex. Lab.Code § 406.034 (emphasis added).

UH–CL argues that, under the Texas Constitution and section 406 of the Comp Act, a public employee cannot opt out of workers' compensation coverage. The Texas Constitution provides:

The Legislature shall have power to pass such laws as may be necessary to provide for Workmen's Compensation Insurance for such State employees, as in its judgment is necessary or required; and to provide for the payment of all costs, charges, and premiums on such policies of insurance; providing the State shall never be required to purchase insurance for any employee.

Tex. Const. art. 3, § 59. The Comp Act gives private employers a choice of whether to obtain workers' compensation insurance coverage; no such choice is allowed public employers. Tex. Lab.Code § 406.002(a) ("Except for public employers ... an em-

ployer may elect to obtain workers' compensation insurance coverage.").

UH–CL reads article 3, section 59 of the Constitution and section 406.002(a) of the Comp Act as depriving state employees of their common-law right to sue for on-the-job injuries. However, the Legislature provided in section 501.002 of the Comp Act the specific workers' compensation laws it was adopting as applicable to the covered public employee. One of those laws was section 406.034. *See* Tex. Lab.Code § 501.002(a)(5) ("The following provisions of Subtitles A and B apply to and are included in this chapter except to the extent that they are inconsistent with this chapter: ... (5) Subchapters B and D through H, Chapter 406, other than Sections 406.071(a), 406.073, and 406.075"). Section 501.002 also expressly states that the Comp Act does not authorize a cause of action against the State beyond the actions authorized by the Texas Tort Claims Act. *Id.* § 501.002(d). The Texas Tort Claims Act provides that a governmental unit may be liable for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would be liable to the claimant under Texas law if it were a private person. Tex. Civ. Prac. & Rem.Code § 101.021(2). Thus, section 501.002(d) contemplates a state employee's suit under the Texas Tort Claims Act, but provides that the ability to bring such a suit is not expanded by the provisions of the Comp Act.

■ Accordingly, until the Legislature expressly precludes state employees from opting out of workers' compensation insurance coverage, we will not hold they cannot opt out. Even if state employees could not opt out of workers' compensation coverage, it would not answer the question raised in this case, whether a *borrowed* employee can opt out of workers' compensation coverage provided by a public employer.

■ No jury question was submitted asking whether Marsh was entitled to coverage for workers' compensation. Because we have no reporter's record, we do not know if UH–CL, the party with the burden of proof on this issue, requested such an issue. Because UH–CL appealed without a reporter's

record, we must presume the evidence received at trial supported the trial court's judgment. *Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *Superior Packing, Inc. v. Worldwide Leasing & Fin., Inc.,* 880 S.W.2d 67, 72 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

UH–CL has not shown that the trial court abused its discretion in holding that Marsh was the prevailing party or in assessing costs against it. *See Guerrero,* 598 S.W.2d at 657 (jury's answer that plaintiff was a borrowed servant immaterial without proof of compensation coverage).

We overrule UH–CL's issues one and two.

We affirm the trial court's judgment.