COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-067-CV

 

 

ART BRENDER                                                                    APPELLANT

 

                                                   V.

 

SANDERS
PLUMBING, INC. D/B/A                                             APPELLEE

SANDERS PLUMBING

 

                                              ------------

 

         FROM COUNTY COURT AT LAW NO. 2 OF TARRANT
COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Art Brender appeals from a judgment
rendered on a jury verdict awarding $5,963.65 in damages and $6,200 in attorney=s fees
to Sanders Plumbing, Inc., d/b/a Sanders Plumbing.  The jury also found for Brender on his
negligence claim and awarded him $307.57. 
For the reasons set forth below, we will affirm.

II.  Factual and Procedural Background

Brender, an attorney whose law office is located
in an old house in Fort Worth, discovered a slow leak under the asphalt outside
of the house.  Brender called Sanders
Plumbing, a plumbing business that had done work for Brender several times in
the past.  Employees of Sanders Plumbing
used a backhoe to find the bad section of pipe. 
Phillip Sanders, the owner of Sanders Plumbing, informed Brender that
the pipe could either be repaired or replaced in its entirety.  Brender decided to have the pipe replaced,
and Sanders explained that he would dig up the original pipe that ran from the
water meter to the office and replace it. 
Sanders called Brender later that day with a bid of $3,100 to excavate
the old pipe, replace it with the new pipe, hook up the new pipe, and get it
approved by the City of Fort Worth. 
Brender agreed to have Sanders Plumbing replace the pipe.








During the two-week period that Sanders Plumbing
was performing work at the house, the plumbers encountered numerous problems
while replacing the water line.  Sanders
testified that he or another employee of Sanders Plumbing explained to Brender
each problem they encountered as it occurred and that Brender agreed to the
extra work each time.  For example,
Sanders testified that although Brender said the water pipe went into the back
of the house, the plumbers spent two days trying to find the location where the
pipe entered the house.  Sanders
testified that the plumbers discovered a solid concrete structure used by a
bank that operated in the house years ago and that the plumbers had to remove
the concrete in order to run the water line to the building.  He explained that he and Brender discussed
removing the concrete, as well as a large volume of rock that the plumbers
discovered while digging up the old pipe, and that Brender knew removal of the
concrete would increase the cost. 
Sanders testified that while he was working on replacing the water line,
Brender asked Sanders to move the garden hose connection and the backflow
preventer on his property to another area on the property; Sanders testified
that he explained to Brender that these processes would cost more money.[2]  Sanders explained that because the soil was
so rocky, he had to pack the area around the pipe with sand according to the
plumbing code and that he discussed the extra cost with Brender.[3]









After Sanders Plumbing finished replacing the
pipe and cleaning up the area, Sanders presented Brender with a bill for
$14,421.27.  Brender and Sanders
discussed the bill, and Brender paid Sanders $4,092.50Cthe
initial bid of $3,100 plus $992.50 for the work done on the day that Sanders
Plumbing first came out to Brender=s
office. 

Sanders Plumbing filed suit against Brender on
sworn account, quantum meruit, and assumpsit. 
Brender filed a counterclaim against Sanders Plumbing for flood damage
that the house sustained during the work, among other things. The jury rendered
a verdict for Sanders Plumbing and awarded $5,963.65 in damages and $6,200.00
in attorney=s fees.  The jury also found for Brender on his
negligence cause of action and awarded him $307.57.  The trial court entered judgment on the jury=s
verdict.   

III.  Quantum Meruit

The trial court=s charge
to the jury included, over Brender=s
objection, the following questions: 

[Question No. 1:]  Did Sanders
Plumbing, Inc. and Art Brender enter into an agreement in February, 1999, that
Sanders Plumbing would replace the water line to Art Brender=s law office for the bid
price of $3,100.00?

 

. . . . 

 








[Question No. 2:]  Did Art
Brender agree to pay Sanders Plumbing, Inc. for any services to replace the
water line that was over and above the $3,100.00 bid price?

 

. . . .

 

[Question No. 3:]  Did Art
Brender fail to comply with his agreement?

 

. . . . 

 

[Question No. 4:]  Did Sanders
Plumbing Inc. perform compensable work for Art Brender? 

 

The jury answered Ayes@ to each
of the above four questions. 
Additionally, the jury was instructed to answer Question No. 5 with
regard to damages if it answered Ayes@ to
Question No. 3 or 4.  In response to
Question No. 5, the jury found that $5,963.65 Awould
fairly and reasonably compensate Sanders Plumbing Inc. for their damages, if
any, that resulted from such performance of compensable services or Art Brender=s
failure to comply.@[4] 








In his first issue, Brender asserts that Sanders
Plumbing cannot recover under any theory for two reasons:  (1) Sanders Plumbing was precluded from
recovering under a breach of contract theory because it failed to plead that
theory and (2) Sanders Plumbing was precluded from recovering for quantum meruit
because the jury found that a contract existed between the parties.  This argument seems to be internally
inconsistent; Brender is claiming that the breach of contract questions were
erroneously submitted but is also claiming that the jury=s
answers to these allegedly erroneously submitted questions render the jury=s
answers to the quantum meruit questions improper.

Assuming nonetheless that the trial court erred
by submitting the breach of contract questions, and turning to a harm analysis,
we may not reverse a judgment for error in the submission of jury instructions
or questions unless we conclude that the error probably caused the rendition of
an improper judgment.  Wal‑Mart
Stores, Inc. v. Johnson, 106 S.W.3d 718, 723 (Tex. 2003); Recognition
Comm=ns Inc. v. Am. Auto. Ass=n, Inc., 154
S.W.3d 878, 885 (Tex. App.CDallas
2005,  pets. denied); see Tex. R. App. P. 44.1(a)(1).  To determine whether an improper jury charge
constitutes reversible error, we consider the pleadings, the evidence, and the
charge in its entirety.   Recognition
Comm=ns Inc., 154
S.W.3d at 885.  Generally, error in the
submission of a question is harmless when the jury findings in answer to other
issues are sufficient to support the judgment, as long as the erroneously
submitted question does not confuse or mislead the jury.  Boatland of Houston, Inc. v. Bailey,
609 S.W.2d 743, 750 (Tex. 1980).













In this case, the jury also found, in response to
Question No. 4, that Sanders Plumbing performed compensable work for Brender,
which supports recovery under the theory of quantum meruit.  See Davis v. McQueen, 842 S.W.2d 376,
380-81 (Tex. App.CBeaumont 1992, writ denied); Comm. On Pattern Jury Charges, State Bar of
Texas, Texas Pattern Jury Charges PJC 101.42 (2003).  The right to recover in quantum meruit is
based upon a promise implied by law to pay for beneficial services rendered and
knowingly accepted.  Black Lake Pipe
Line Co. v. Union Constr. Co., 538 S.W.2d 80, 86 (Tex. 1976), overruled
on other grounds by Sterner v. Marathon Oil Co., 767 S.W.2d 686 (Tex.
1989); Residential Dynamics, LLC v. Loveless, 186 S.W.3d 192, 198-99
(Tex. App.CFort Worth 2006, no pet.).  To recover under quantum meruit, the
plaintiff must prove that (1) valuable services and/or materials were
furnished, (2) to the parties sought to be charged, (3) which were accepted by
the parties sought to be charged, and (4) under circumstances that reasonably
notified the recipient that the complaining party, in performing, expected to
be paid by the recipient.  Heldenfels
Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992).  If a valid express contract covering the
subject matter exists, there can be no recovery upon a contract implied by
law.  Woodard v. Southwest States,
Inc., 384 S.W.2d 674, 675 (Tex. 1964). 
However, the existence of an express contract does not preclude recovery
in quantum meruit for the reasonable value of services rendered and accepted
that are not covered by the contract.  Black Lake Pipe Line Co., 538 S.W.2d at
86.








Here, the jury found that Brender and Sanders
Plumbing agreed that Brender would pay Sanders Plumbing the bid price of
$3,100, but the parties= dispute is over whether Brender
agreed to pay more than the bid price. 
The jury found that Brender agreed to pay Sanders Plumbing over and
above the $3,100 bid price, but the jury was not asked, nor did Brender request
a finding on, what amount Brender agreed to pay Sanders Plumbing over and above
the bid price.  This type of dispute is
especially adapted to the doctrine of quantum meruit.  See Davis, 842 S.W.2d at 383 (holding
that quantum meruit was applicable for extra work performed by plaintiff even
though jury found an express contract because Athe
total amount of the compensation was never fixed by an express agreement@); Freeman
v. Carroll, 499 S.W.2d 668, 670 (Tex. Civ. App.CTyler
1973, writ ref=d n.r.e.) (noting that when
there is Asome question under the evidence
whether there was a meeting of the minds to establish a contract,@ the
plaintiff is entitled to plead and recover under quantum meruit); see also
Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 685 (Tex. 2000) (holding
that when the existence of or the terms of a contract are in doubt and there is
a claim for unjust enrichment, the disputing party must secure findings that an
express contract exists covering the subject of the dispute).  

Although Brender=s
testimony often contradicted that of Sanders concerning the Aextra@ work
Sanders claims Brender authorized, the jury is the sole judge of the
credibility of the witnesses.  See
City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005).

For the above reasons, we hold that despite the
jury=s
answers to Question Nos. 2 and 3, Sanders Plumbing was not precluded from
recovering under the doctrine of quantum meruit.  Thus, we hold that the trial court=s error,
if any, in submitting these breach of contract questions to the jury was
harmless because the jury=s finding in answer to the
quantum meruit question was sufficient to support the judgment.  See Boatland of Houston, Inc., 609
S.W.2d at 750; Recognition Comm=ns Inc.,
154 S.W.3d at 885; cf. Johnson Aircrafts, Inc. v. Eichholtz, 194 S.W.2d
815, 816-17 (Tex. Civ. App.CFort
Worth 1946, writ ref=d n.r.e.) (holding error in
submitting questions on contract and quantum meruit was harmless when jury
findings supported both theories).  We
overrule Brender=s first issue. 

IV.  Evidence of Reasonableness of Charges 








In his second issue, Brender contends that the
trial court erred by not excluding Sanders=s
testimony on the reasonableness of plumbing charges because Sanders was not
designated as an expert.  Consequently,
Brender argues that because Sanders Plumbing offered no other expert testimony
about the reasonableness of its charges, the trial court erred by submitting a
damage question to the jury.  Sanders
Plumbing contends that recovery in quantum meruit does not require independent
expert testimony, as opposed to documentary evidence, of the reasonableness of
the charges. 

To recover under the doctrine of quantum meruit,
a plaintiff must establish, among other things, that valuable services and/or
materials were furnished.  Heldenfels
Bros., Inc., 832 S.W.2d at 41.  The
proper measure of damages in a quantum meruit action is the reasonable value of
the services rendered and materials furnished by the complaining party.  PIC Realty Corp. v. Southfield Farms, Inc.,
832 S.W.2d 610, 616 (Tex. App.CCorpus
Christi, 1992, no writ).  To establish
the right to recover reasonable charges, a claimant need not use the word Areasonable@; a
claimant need only present sufficient evidence to justify a jury=s
finding that the costs were reasonable.  See
Ebby Halliday Real Estate, Inc. v. Murnan, 916 S.W.2d 585, 589 (Tex. App.CFort
Worth 1996, writ denied).  








Here, the record includes Sanders Plumbing=s
Material and Labor Records, detailing the description of work done by Sanders
Plumbing=s
employees each day, including the name of the employee, the hourly rate for
each employee, and the hours each employee worked.  Sanders=s
unobjected to testimony[5]
and the Material and Labor Records both show that Sanders charges $75 per hour
for licensed plumbers and $22.50 per hour for other employees.  Sanders also testified, without objection,
that he charges Aper crew@ and
that a crew consists of two men and a truck. 
Brender introduced into evidence a handwritten note that Sanders gave
him detailing the number of hours Sanders=s
employees worked each day, the cost of the sand and the backhoe used to move
the sand, the cost to haul off the rock and concrete removed from the ground,
as well the costs of other extra materials. 
Brender also introduced into evidence invoices from previous plumbing
work that Sanders Plumbing performed for Brender, which included the same $75
hourly rate for his work as the job at issue here. 













Although proof of the amounts charged alone may
not raise an issue of reasonableness, the evidence here consists of more than
merely the amounts charged.  Cf.
Mustang Pipeline Co. v. Driver Pipeline Co., 134 S.W.3d 195, 201 (Tex.
2004) (holding that plaintiff failed to present evidence of reasonableness of
out-of-pocket costs by presenting only evidence of amounts charged and
paid).  Sanders Plumbing=s
records separately listed the hourly rate for each employee, the number of
hours each employee worked each day, the materials used, and the cost of the
materials.  The billing rates reflected
in Sanders Plumbing=s invoices for prior work
performed for Brender also constitute some evidence that the same rates charged
here were reasonable.  See Electric
Wire & Cable Co. v. Ray, 456 S.W.2d 260, 263 (Tex. Civ. App.CHouston
[14th Dist.] 1970, writ ref=d
n.r.e.) (noting that contract prices were Asome
evidence of value@ to recover damages on quantum
meruit theory).  Consequently, we hold
that the above evidence constituted sufficient evidence to enable the jury to
confront and resolve the issue of fair and reasonable compensation for services
and materials provided.  See Vance v.
My Apartment Steak House of San Antonio, Inc., 677 S.W.2d 480, 483-84 (Tex.
1984); Electric Wire & Cable Co., 456 S.W.2d at 263-64 (holding
sufficient evidence existed regarding value of materials and labor through
written correspondence between parties quoting prices for work to be done and
through appellee=s testimony concerning
documents); cf. Muller v. Light, 538 S.W.2d 487, 487 (Tex. Civ. App.CAustin
1976, writ ref=d n.r.e.) (holding that A[al]though
. . . [he] was unable to provide bills or records of his costs for materials
and labor,@ his testimony as to the fair
value of the labor and materials involved in the extra work raised fact issues
as to the fair and reasonable value of the labor and materials).  Thus, we hold that the trial court did not
abuse its discretion by submitting a question on fair and reasonable compensation
to the jury.  See Tex. R. Civ. P. 278 (requiring trial
court to submit questions raised by pleadings and evidence); In re V.L.K.,
24 S.W.3d 338, 341 (Tex. 2000) (applying an abuse of discretion standard to
trial court=s submission of jury
question).  We overrule Brender=s second
issue.

V.  Harmless Improper Jury Argument 

During closing argument, Sanders Plumbing=s trial
counsel stated in his rebuttal argument,

Mr. Brender is coming before you, and he=s a lawyer.  He knows all of the tricks of contract
law.  He knows all of the tricks of
construction law.  He is a lawyer.  I dare say he would expect to get paid every
time he does work for someone.

 

But let=s not do the spin-miester
[sic] trick here.  I=m not going to do
that.  Y=all have heard the
evidence . . . . 

 

Let us assume, for sake of argument, that the spin-master [sic] is
correct on those documents B

 








Brender=s trial counsel objected to
opposing counsel=s calling him a spinmeister, the
trial court sustained the objection, and opposing counsel immediately withdrew
the statement.  Brender did not ask for a
curative instruction or move for a mistrial. 
He later filed a motion for new trial based on the above argument. 

In his third issue, Brender argues that the trial
court erred by not granting Brender=s motion
for new trial because trial counsel for Sanders Plumbing engaged in improper
jury argument by calling Brender=s trial
counsel a Aspinmeister.@  Sanders Plumbing argues that Brender failed
to preserve this issue for appeal by not requesting a curative instruction. 

Generally, in order to obtain a reversal for an
improper jury argument, the appellant must prove that (1) there is error in the
argument, (2) it was not invited or provoked, (3) the error was preserved by an
objection, motion for mistrial, or motion to instruct, (4) the error was not
curable by instruction, reprimand by the judge, or proper withdrawal of the
statement, and (5) the argument by its nature, degree, and extent constituted
reversible harmful error.  Standard
Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839 (Tex. 1979).  








An objection is not required in order to preserve
error if the error is deemed to be incurable, and a motion for new trial is
sufficient to preserve a complaint of incurable jury argument.  See Tex.
R. Civ. P. 324(b)(5); Warrantech Corp. v. Computer Adapters Servs.,
Inc., 134 S.W.3d 516, 531 n.10 (Tex. App.CFort
Worth 2004, no pet.).  The test for
incurable error in jury argument is whether the argument, when viewed in light
of the entire record, was so inflammatory as to strike at the heart of the
adversarial process or appeal to fundamental prejudices.  Boone v. Panola County, 880 S.W.2d 195,
198 (Tex. App.CTyler 1994, no writ); see
Circle Y of Yoakum v. Blevins, 826 S.W.2d 753, 758 (Tex. App.CTexarkana
1992, writ denied) (holding improper argument was incurable where attorney
accused opposing counsel of manufacturing evidence and perjury), abrogated
in part on other grounds by State Farm Fire & Cas. Co. v. Morua, 979
S.W.2d 616, 621 (Tex. 1998); Tex. Employers' Ins. Ass'n v. Guerrero, 800
S.W.2d 859, 866‑67 (Tex. App.CSan
Antonio 1990, writ denied) (holding improper argument was incurable where
argument intentionally appealed to prejudice against a party's ethnicity).  In such a case, an instruction to the jury to
disregard the argument would not eliminate the probability that an improper
verdict resulted from the error. Williams v. Lavender, 797 S.W.2d 410,
413 (Tex. App.CFort Worth 1990, writ denied).








In the present case, before trial counsel for
Sanders Plumbing called opposing counsel a spinmeister, Brender=s trial
counsel stated in his closing arguments that Brender has been married
thirty-five years, has contributed to the community, and has paid his bills and
lived up to his word.  He went on to
quote from the BibleCAthou
shall not bear false witness,@ and
discussed how Sanders changed his story four times.  We assume Sanders Plumbing=s trial
counsel was referencing the above statements when he used the term Aspinmeister.@[6]  Criticism, censure, abuse of counsel, and
appeals to passion and prejudice are not permitted in jury argument, but
calling opposing counsel a spinmeister does not rise to the level of accusing
him of manufacturing evidence, suborning perjury, or lying.  See id.  It is apparent that the complained of
statement was not so inflammatory as to strike at the heart of the adversarial
process or appeal to fundamental prejudices and, consequently, did not rise to
the level of incurable jury argument.  See Boone, 880 S.W.2d at 198; cf.
Circle Y of Yoakum, 826 S.W.2d at 758. 
Consequently, we overrule Brender=s third
issue.

VI. Brender=s Court
Costs








In response to Jury Question Nos. 9-10, the jury
found that the negligence of Sanders Plumbing was the proximate cause of
economic loss to Brender and that $377.61 would fairly and reasonably
compensate Brender for his loss.  The
trial court=s final judgment ordered Sanders
Plumbing to pay Brender $417.59Cthat is,
the $377.61 plus interest.  The final
judgment ordered Brender to pay for the court costs of Sanders Plumbing, but it
did not order Sanders Plumbing to pay Brender=s court
costs. 

        In Brender=s fourth
issue, he contends that because he prevailed on his negligence counterclaim,
the trial court erred by not ordering Sanders Plumbing to pay Brender for his
court costs.  Specifically, Brender
contends that Sanders Plumbing should have been ordered to pay Brender the
amount of $409.75, the cost of the deposition of Phillip Sanders. 

The Asuccessful
party to a suit shall recover of his adversary all costs incurred therein,
except where otherwise provided.@  Tex.
R. Civ. P. 131. A successful party is defined as Aone who
obtains a judgment of a competent court vindicating a civil claim of right.@  See Mixon v. Nat=l Union
Fire Ins. Co., 806 S.W.2d 332, 335 (Tex. App.CFort
Worth 1991, writ denied).  The trial
court has broad discretion to assess costs and its decision will not be
overturned absent an abuse of discretion. 
Univ. of Houston-Clear Lake v. Marsh, 981 S.W.2d 912, 914 (Tex.
App.CHouston
[1st Dist.] 1998, no writ).  A trial
judge must allocate costs according to the provisions of rule 131 unless it
makes a finding of good cause.  Id.


Rule 303 governs the recovery of costs in cases
involving counterclaims:








When a counterclaim is
pleaded, the party in whose favor final judgment is rendered shall also recover
the costs, unless it be made to appear on the trial that the counterclaim of
the defendant was acquired after the commencement of the suit, in which case,
if the plaintiff establishes a claim existing at the commencement of the suit,
he shall recover his costs.

 

Tex. R. Civ. P. 303.  Texas courts applying Rule 303 have
determined that in suits involving claims and counterclaims, the party receiving
the larger award is entitled to final judgment and recovery of costs.  See Chilton Ins. Co. v. Pate & Pate
Enters., Inc., 930 S.W.2d 877, 895 (Tex. App.CSan
Antonio 1996, writ denied); Rio Grande Valley Sugar Growers, Inc. v. Campesi,
580 S.W.2d 850, 865-66 (Tex. Civ. App.CCorpus
Christi), rev'd on other grounds, 592 S.W.2d 340 (Tex. 1979).

Here, although Brender prevailed on his
counterclaim for negligence, Sanders Plumbing was the party Ain whose
favor [the] final judgment [was] rendered.@  Tex.
R. Civ. P. 303.  Thus, we hold
that the trial court did not abuse its discretion by not awarding court costs
to Brender.  See id.; Chilton
Ins. Co., 930 S.W.2d at 895; Rio Grande Valley Sugar Growers, Inc.,
580 S.W.2d at 865-66.  We overrule
Brender=s fourth
issue.

 

 

 








VII.  Conclusion

Having overruled each of Brender=s four
issues, we affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

CAYCE, C.J. concurs
without opinion.

 

DELIVERED:  July 20, 2006








 

 

 

 

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]On cross-examination, Sanders testified that while
digging, employees of Sanders Plumbing hit the sprinker system and that Sanders
agreed to repair it. 





[3]In fact, Sanders testified that Brender instructed
Sanders to first try to get the pipes to pass inspection without using sand
because of the extra cost of bringing in sand.





[4]The jury was instructed that, in arriving at this
number, they were to deduct any offsets or credits due Brender for payments he
made to Sanders Plumbing.





[5]Brender claims that he objected to Sanders testifying
as an expert.  We have reviewed the
record, however, and Brender=s only objection to Sanders=s
testimony occurred as follows.  During
Sanders=s direct examination, Sanders=s
counsel asked, AFrom the exhibits presented and your testimony, are
you telling this [j]ury that Mr. Brender owes you $10,328.72?@  Sanders objected that the question called for
expert testimony and that Sanders had not been designated as an expert.  The trial court overruled the objection.  This single objection to the specific question
quoted above does not constitute an objection to Sanders=s entire
testimony, specifically Sanders=s testimony concerning the Material and Labor
Records.  See Tex. R. App. P. 33.1(a).  





[6]A spinmeister is someone Awho
tries to forestall negative publicity by publicizing a favorable interpretation
of the words or actions of a company or political party or famous person.@  Dictionary.com,
http://dictionary.reference.com/browse/spinmeister (last visited July 18,
2006).