**AFFIRM; and Opinion Filed November 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00524-CV

**BRIAN CAYCE BERTRAND, Appellant**
**V.**
**JOHN DAVID BERTRAND AND ANDREA GAIL ROBINSON BERTRAND, Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-15646**

## OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

In December 2011, the twenty-seven-year-old appellant sued his father, John David Bertrand, and his step-mother, Andrea Gail Robinson Bertrand, alleging John sexually abused him as a child and Andrea failed to stop the abuse.[1] Relying on admissions in appellant's pleadings that he had known about, and disclosed, the alleged abuse beginning when he was nine years old and evidence that appellant told one of his therapists and a friend about the alleged abuse in 2003, John and Andrea filed a motion for summary judgment on the ground appellant's claims were barred by limitations. Appellant admits he knew about the alleged abuse, but asserts his suit was timely because the discovery rule delayed the accrual of his claims until, at least, after he was diagnosed with delayed onset post-traumatic stress disorder (PTSD) in 2010 and

---

[1] Because there are two appellees and we cannot always treat them collectively in this opinion, we will refer to appellees as "John" and "Andrea."

because John and Andrea are estopped from relying on limitations due to John's alleged fraudulent concealment of the nature and source of appellant's injury. Appellant also argues the trial court erred by striking his expert witnesses based on his insufficient designations because, without an expert, he could not raise an issue of fact as to whether the discovery rule applied to his claims. Because, as discussed in more detail below, appellant's counsel failed to timely appear either time this case was set for oral argument, the case was submitted on the parties' briefs. The record on appeal shows that any summary judgment evidence provided by appellant to the trial court to support his arguments was neither attached to his response to the motion for summary judgment nor included in the appellate record. Accordingly, we conclude appellant has failed to establish the trial court erred by granting summary judgment in favor of John and Andrea and affirm the trial court's judgment.

## Background

Appellant filed three lawsuits in December 2011, one against John, one against Andrea, and one against his mother, Jana Coleman Bertrand.[2] Appellant alleged that, beginning in August 1993 when he was nine years old, John sexually abused him and Andrea and Jana knew about the abuse and failed to stop it.[3] Appellant pleaded that limitations did not bar his claims due to the applicability of the discovery rule and due to the presence of a legal disability, a special relationship between him and the defendants, and duress. In their original answers, John and Andrea both requested sanctions against appellant and his attorney based on rule of civil procedure 13 and chapter 10 of the civil practice and remedies code. John and Andrea also

---

[2] The lawsuits against John and Andrea were consolidated for all purposes on May 29, 2012. On October 23, 2012, the lawsuit against John and Andrea was consolidated with the lawsuit against Jana for "purposes of discovery."

[3] Appellant also asserted claims against Jana based on the purported conversion of two checks and her alleged failure to keep her promise to pay his expenses relating to attending law school.

subsequently filed a motion for sanctions, alleging appellant and his counsel abused the discovery process.

John and Andrea filed a motion for summary judgment on September 6, 2012[4] and set it for hearing on October 26, 2012. Appellant filed a motion for continuance and, during the October 22, 2012 hearing on his motion, argued he needed additional discovery, including discovery from experts "who we are in the process now of identifying." Appellant represented to the trial court that his expert had moved out of the country and he needed an additional seventy-five to ninety days to locate another expert to testify as to his mental incapacity and "how that would affect the discovery rule." The trial court granted appellant's motion for continuance and stated appellant would have an additional ninety days before the motion for summary judgment would be heard.

Appellant filed a motion on November 14, 2012 to enlarge the time for discovery and indicated the discovery period had closed. Appellant requested an additional 105 days to complete all discovery in the case. As relevant to this appeal, appellant represented that he was in the "final stages of securing expert witnesses for testimony." The trial court heard appellant's motion on December 4, 2012. The trial court set John and Andrea's motion for summary judgment for hearing on January 25, 2013. It also granted appellant's motion to enlarge time for discovery and ordered (1) the parties had until December 17, 2012, at 5:00 p.m., to designate experts, (2) all experts were required to be available for deposition by no later than January 4, 2013, and (3) all other discovery remained open until the trial court ruled otherwise.

Appellant supplemented his responses to all three defendants' requests for disclosures on December 17, 2012. Appellant identified five potential experts and provided their areas of specialization, contact information, and curricula vitae. Appellant did not, however, provide any

_____

[4] This pleading is not in the appellate record.

information regarding the experts' mental impressions and opinions or the basis for those impressions or opinions. Jana filed a motion to exclude appellant's listed experts on the ground appellant's designations failed to comply with rule of civil procedure 194.2(f).[5] John and Andrea subsequently joined Jana's motion.

On December 28, 2012, John and Andrea filed an amended motion for summary judgment on the ground that all of appellant's claims were barred by limitations.[6] John and Andrea stated in the motion that (1) appellant's pleadings established he turned eighteen in August 2002 and did not file the lawsuits until more than nine years later, and (2) the discovery rule did not apply to appellant's claims because the nature of the injury was not inherently undiscoverable and was not objectively verifiable. John and Andrea also moved for summary judgment on appellant's intentional infliction of emotional distress claim, to the extent the claim was based on any event occurring after 2002, on the ground appellant's claim for intentional infliction of emotional distress "must be accompanied by the claimed bad act of unwarranted physical contact." Finally, John and Andrea sought summary judgment on appellant's defamation claim for any statements made after December 2010 based on the litigation privilege and the doctrine of invited response and because there was no evidence John made a false

---

[5] Rule 194.2(f) provides that a party may request disclosure for any testifying expert of:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography.

TEX. R. CIV. P. 194.2(f).

[6] At the time John and Andrea filed the amended motion for summary judgment, appellant had pleaded claims for sexual assault of a child, offensive physical contact, threat of bodily injury, breach of fiduciary duty, conspiracy, defamation, and intentional infliction of emotional distress.

statement, the person who heard Andrea's statement believed it, the statement had any impact on appellant's reputation, or the statement otherwise caused appellant injury.

In support of their amended motion for summary judgment, John and Andrea requested the trial court take judicial notice of the pleadings filed by appellant. As to appellant's age when he filed suit, John and Andrea specifically directed the trial court to statements made by appellant in his first amended petition that (1) he "turned nine years of age in August of 1993," (2) in August 1996, he "was turning twelve years of age," and (3) "[d]uring the Fall of 2002 as the holidays were approaching . . . [he] had just turned eighteen years old." As to appellant's knowledge of the alleged abuse, John and Andrea specially directed the trial court to appellant's statements in his First Amended Petition that:

(1) ". . . from August 1997 until December of 1997, while living with his mother . . . [appellant] confronted his mother about his father's sexual assaults and asked why Jana did nothing to stop it";

(2) "During a telephone conversation with his mother in November of 2001, [appellant] talked about his father's repeated sexual assaults and abuse"; and

(3) "In May of 2002, [appellant] was scheduled to graduate . . . . During a telephone conversation a week before commencement, [appellant] again challenged John about the sexual assaults [appellant] endured as a child."

John and Andrea also requested the trial court take judicial notice of appellant's testimony during a hearing that this was not a case of repressed memories and he knew he had been physically injured the first time he alleged that John violated him. Finally, John and Andrea attached an affidavit from one of appellant's therapists stating appellant disclosed the alleged sexual abuse to her on June 5, 2003 and an affidavit from a friend of appellant stating he told her of the alleged sexual abuse during the summer of 2003.

John and Andrea argued the statute of limitations began to run on each of appellant's claims on his eighteenth birthday and he did not file his lawsuit until after limitations had run. They asserted the discovery rule did not apply to delay the accrual of appellant's claims because

appellant was aware of both the alleged abuse and that he had been physically injured. Finally, John and Andrea stated appellant could produce no evidence that any other tolling or delayed accrual doctrine applied to toll the running of limitations.

Appellant filed a response to the defendants' motions to exclude his expert witnesses on January 10, 2013. Appellant asserted he had prepared a second supplement to his responses to the defendants' requests for disclosures that included a more detailed discussion of each expert's "area." Appellant represented he would serve the defendants with the documents that had been gathered for the experts, but indicated the experts had not yet received these documents. Appellant also indicated he had met with one expert and was scheduled to meet with another. Although the second supplement contained more information about each expert's area of expertise, it included no information about any expert's mental impressions or opinions or the basis for those impressions or opinions. Following a hearing, the trial court struck appellant's identified experts and ordered that appellant's experts were "excluded from providing testimony in this case" against any of the defendants.

Appellant filed a motion to reconsider on January 19, 2013, withdrawing all but one of his experts and arguing the exclusion of that expert amounted to a "death penalty" sanction. Although appellant stated he was attaching an affidavit from this expert, it was not attached to the motion to reconsider.

Appellant filed a third amended petition on January 22, 2013, adding a new defendant and asserting claims for brain trauma injury from sexual assault of a child, breach of fiduciary duty, fraudulent concealment, conspiracy, negligence, and intentional infliction of emotional distress.[7] Also on January 22, 2013, appellant filed a second motion to reconsider the exclusion of his expert with an affidavit from his expert and his third supplement to requests for disclosure

---

[7] The appellate record does not contain a second amended petition.

attached to it.  On January 23, 2013, appellant filed a supplement to his motion to reconsider arguing his counsel had "misunderstood the scope" of what the trial court required when it ordered appellant to designate his experts by December 17, 2012 and that the remaining expert he was requesting leave to designate was "critical and basic" to his entire theory of the case.

Appellant filed a response to John and Andrea's amended motion for summary judgment on January 23, 2013.  Appellant argued the discovery rule operated to delay the accrual of his claims until at least 2010 when he was diagnosed with PTSD.  Appellant also argued that he alleged in his third amended petition that the limitations period was tolled by duress, fraudulent concealment, and equitable estoppel and that John and Andrea did not address these doctrines in their amended motion for summary judgment.  Appellant listed in his response a number of exhibits that he was relying on as summary judgment evidence.  These exhibits, however, were not attached to appellant's response to the amended motion for summary judgment and are not included in the appellate record.[8]  In his response, appellant specifically noted he had deleted the portion of the response that relied on his expert's testimony.

The trial court granted John and Andrea's amended motion for summary judgment on February 1, 2013 without specifying the basis for its ruling.  To the extent the lawsuit against John and Andrea had been consolidated with the lawsuit against Jana, the trial court severed appellant's claims against John and Andrea.  The trial court signed a final judgment ordering that appellant take nothing on his claims against John and Andrea, but noted that any requests for sanctions against appellant or his counsel survived the entry of the final judgment.

---

[8] On February 5, 2013, appellant filed a pleading which contained objections to John and Andrea's motion to strike his response to the amended motion for summary judgment and a motion to vacate the order granting summary judgment and final judgment.  In that pleading, appellant stated he "mailed reply brief exhibits to the Court under separate cover" from his response to the amended motion for summary judgment.  The documents filed "under separate cover" are not included in the appellate record.  Although appellant included a number of citations to the appellate record in his brief, he also cites extensively to documents included in his appendix, including to a number of affidavits. We cannot consider documents cited in a brief and attached as an appendix if they are not formally included in the record on appeal.  *See Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 882 n.3 (Tex. App.—Dallas 2014, no pet.).

Appellant filed a motion to vacate the order granting summary judgment and the final judgment on February 5, 2013. As relevant to this appeal, appellant argued the proposed order granting the amended motion for summary judgment and the proposed final judgment had not been served on him a minimum of two working days before being submitted to the trial court, in violation of Local Rule 2.08 of the Civil Courts of Dallas County, Texas, and therefore, the summary judgment and final judgment should be vacated.

On February 8, 2013, appellant filed a supplement to his objections and motion to vacate the order granting summary judgment and the final judgment, contending John and Andrea failed in their amended motion for summary judgment to address either duress or equitable estoppel in relation to the statute of limitations. On March 4, 2013, appellant filed a motion for new trial incorporating the facts and arguments set out in his prior motions.

Appellant filed a notice of appeal on April 17, 2013. On September 23, 2013, after this Court granted four motions for an extension of time, appellant filed his brief in this appeal. On October 1, 2013, this Court granted appellant's motion to file an amended brief. Appellant filed an amended brief on October 17, 2013.

The case was set for oral argument on September 3, 2014 at 2:00 p.m. Neither appellant nor his counsel, Eric Gormly, were present at 2:00 p.m. Shortly after 2:00 p.m., Gormly called the Clerk's office and indicated he would arrive at the Court in approximately fifteen minutes. This Court delayed the start of the oral argument until 2:30 p.m. to accommodate Gormly's late arrival. At about 2:30 p.m., the Court took appearances and heard argument from John and Andrea's counsel, who chose to argue only a jurisdictional issue. At approximately 2:55 p.m., Gormly approached the desk in the Clerk's office, indicated he had been ill, and requested the oral argument be rescheduled.

Later, on September 5, 2014, appellant filed a written motion to reset oral argument, stating that Gormly had been ill on September 3, 2014.  The Court granted the motion, and set oral argument for October 13, 2014 at 1:00 p.m.  On October 10, 2014, at 4:35 p.m., appellant filed a motion for leave to supplement the appellate record and to file a supplement to his brief "to correct errors and omissions."  Gormly spoke with the Clerk on the morning of October 13, 2014 to confirm the Court had received the motion and stated he would be at oral argument at 1:30 p.m.  The Clerk clarified that oral argument was scheduled for 1:00 p.m., and Gormly indicated he understood.

Gormly was not present for oral argument at 1:00 p.m. on October 13, 2014.  The panel waited until 1:10 p.m. and, after confirming with the Clerk that Gormly had not contacted the Clerk to indicate he was delayed, commenced oral argument.  Gormly was not present to argue for appellant.  After John and Andrea's counsel indicated he would rely on their brief, the case was submitted on the parties' briefs and the parties were dismissed.  Gormly appeared at 1:19 p.m. and was informed by the Court's bailiff that argument had concluded.  At that time, Gormly gave no reason for his late arrival and left the Court.

## Jurisdiction

After appellant filed this appeal, we notified the parties that we questioned whether the judgment was final because it did not dispose of John and Andrea's requests for sanctions.  *See Crites v. Collins*, 284 S.W.3d 839, 840–41 (Tex. 2009) (per curiam); *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 871 (Tex. App.—Dallas 2014, no pet.).  On September 14, 2014, John and Andrea  nonsuited any pending request for sanctions, causing the judgment to become

–9–

final.  *See* TEX. R. APP. P. 27.1.; *see also Brighton v. Koss*, 415 S.W.3d 864, 866 (Tex. 2013) (per curiam).[9]

## Summary Judgment

In his first and fourth through sixth issues, appellant contends the trial court erred by granting John and Andrea a traditional summary judgment.[10]  We review a trial court's decision to grant summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law.  TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).  To do so, the movant must either: (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of his affirmative defense, thereby defeating the plaintiff's cause of action.  *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).  In conducting our review of a summary judgment, we consider the evidence in the light most favorable to the nonmovant.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not.  *Id.*

---

[9] Appellant filed several requests for sanctions after the trial court signed the final judgment, but before John and Andrea filed their notice of nonsuit.  In the title of his objections and motion to vacate filed on February 5, 2013, appellant stated the pleading included a motion for sanctions.  However, he sought no specific sanctions in the body of the pleading.  *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) (substance of pleading controls over title or form).  Appellant also filed a motion to quash trial subpoenas and for protective order, objections to trial subpoenas, and motion for sanctions on February 20, 2013 and sought specific monetary sanctions against John and Andrea and their attorney.  The trial court heard the motion on February 20, 2013, immediately prior to beginning the hearing on John and Andrea's motion for sanctions, and quashed the complained-about subpoenas, but granted no further relief.  This ruling by the trial court constituted an implicit denial of the requested sanctions.  *See* TEX. R. APP. P. 33.1(a)(2)(A).  On February 20, 2013, appellant also filed a response to John and Andrea's motion for sanctions and a counter-motion for sanctions and, on March 7, 2013, filed an amended response to John and Andrea's motion for sanctions and a counter-motion for sanctions.  Appellant did not seek any specific sanctions in these pleadings *See Heard*, 603 S.W.2d at 833.  Accordingly, none of appellant's pleadings constitute a claim for relief that would prevent the judgment from becoming final.

[10] In his second issue, appellant asserts the trial court erred by granting John and Andrea's no-evidence motion for summary judgment.  However, John and Andrea's no-evidence motion for summary judgment was directed solely at the defamation claim in appellant's first amended petition, which appellant deleted in his third amended petition.  Accordingly, we resolve appellant's second issue against him.

In his first, fourth, and fifth issues, appellant argues the trial court erred by granting summary judgment because there was a genuine issue of fact precluding the granting of a traditional summary judgment; the discovery rule applies to his claims and John and Andrea failed to meet their burden of establishing whether and when he knew of his injuries and the cause, whether he suffered a latent injury and when he knew of the injury and its cause, and that the injuries were neither inherently undiscoverable nor objectively verifiable; and applying the discovery rule to injuries sustained from childhood incestuous abuse supports equitable outcomes and is consistent with the principles of the discovery rule, the direction the law has taken in other jurisdictions, and the purposes of statutes of limitation.[11] In issue six, appellant contends the trial court erred by granting summary judgment because John and Andrea failed to meet their burden as to whether John fraudulently concealed the nature and source of appellant's injury and should be equitably estopped from relying on limitations.

A statute of limitations is a procedural device operating as a defense to limit the remedies available from an existing cause of action. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2010, no pet.). John and Andrea moved for summary judgment on all of appellant's claims on the ground each claim was barred by limitations. They, therefore, bore the burden to prove conclusively the elements of their limitations defense. *Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 397–98 (Tex. App.—Dallas 2013, pet. denied). This included conclusively proving when each cause of action accrued, as well as negating the discovery rule

---

[11] John and Andrea moved for summary judgment on appellant's intentional infliction of emotional distress claim based on any event that occurred after 2002 on the ground a claim for intentional infliction of emotional distress must be accompanied by the claimed bad act of unwarranted physical contact. Appellant has not challenged this ground for summary judgment on appeal. Because appellant failed to challenge all possible bases for the trial court's grant of summary judgment on appellant's claim for intentional infliction of emotional distress based on events that occurred after 2002, we affirm the trial court's summary judgment as to those claims. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (in order to obtain reversal of summary judgment, appellant must attack every ground on which summary judgment could have been granted); *Trevino Assocs. Mech., L.P. v. Frost Nat'l Bank*, 400 S.W.3d 139, 144 (Tex. App.—Dallas 2013, no pet.) (if appellant fails to challenge one ground for summary judgment, appellate court may affirm summary judgment on that ground alone).

pleaded by appellant. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

A cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) ) (op. on reh'g) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). The general rule governing when a claim accrues, to start limitations running, is the "legal injury rule," which provides that a claim accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *see also Dunmore*, 400 S.W.3d at 641. "[T]he commencement of the limitations period may be determined as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998).

The discovery rule defers accrual of a cause of action until a plaintiff knew, or through the exercise of reasonable care and diligence, should have known, facts giving rise to the cause of action. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). "The discovery rule, in application, proves to be a limited exception to statutes of limitations," *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1994), and is generally limited to situations in which "the nature of the injury incurred is inherently undiscoverable and the evidence of the injury is objectively verifiable. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (quoting *Altai*, 918 S.W.2d at 456). An injury is "inherently undiscoverable" if it "is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001). An injury is "objectively verifiable" if the presence of injury and the producing wrongful act cannot be

disputed, and the facts upon which liability is asserted are demonstrated by direct, physical evidence. *See S.V.*, 933 S.W.2d at 7.

In this case, as pointed out by John and Andrea in their amended motion for summary judgment, appellant admitted in his first amended petition that his claims are based on alleged conduct beginning in 1993, when he was nine years old, and continuing through 2001, when he was seventeen years old, that he complained about the alleged sexual abuse before he turned eighteen years old, and that he turned eighteen in August 2002. These admissions were repeated in appellant's third amended petition. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) ("Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions.") (quoting *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983)).[12] "A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact." *Id.* A fact admitted by the party is conclusively established without the introduction of the pleadings or presentation of other evidence. *Musick*, 650 S.W.2d at 767.

All of appellant's claims based on the alleged sexual abuse are subject to a limitations period of five years. *See* TEX. CIV. PRAC. & REM. CODE ANN. §16.0045 (West Supp. 2014) (claims for aggravated sexual assault of a child must be brought within five years); *Mayzone v. Missionary Oblates of Mary Immaculate of Tex.*, No. 04-13-00275-CV, 2014 WL 3747249, at *3 (Tex. App.—San Antonio, July 30, 2014, no pet.) (mem. op.) (applying five-year statute of limitations to negligence, civil conspiracy, breach of fiduciary duty, and fraud claims arising from allegations of sexual abuse); *Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 717 (Tex. App.—El Paso 2011, not pet.) (applying five-year statute of limitations to negligence,

---

[12] In his third amended petition, appellant made additional allegations that the sexual abuse started when he was younger than nine years of age.

breach of fiduciary duty, and intentional infliction of emotional distress claims arising from allegations of sexual abuse).  Limitations began running on appellant's claims when he turned eighteen years old in August 2002.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a)(1), (b) (West 2001); *Doe v. Roman Catholic Archdiocese of Galveston-Houston*, 362 S.W.3d 803, 809 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (for claim arising from injury received as minor, limitations does not begin to run until minor reaches majority).  Accordingly, absent an applicable doctrine that delayed or tolled the running of limitations, all of appellant's claims were barred by August 2007.  *See Roman Catholic Archdiocese of Galveston-Houston*, 362 S.W.3d at 809–10.

We next turn to whether John and Andrea negated the application of the discovery rule to delay the accrual of appellant's claims.  John and Andrea relied on appellant's admissions in his pleadings, appellant's testimony from a hearing that he was aware he had been physically injured the first time he alleges John violated him, and affidavits from a friend of appellant stating he told her about the alleged sexual abuse during the summer of 2003 and one of appellant's therapists stating he told her about the alleged sexual abuse in June 2003, to establish appellant knew about the alleged sexual abuse since he was nine years old, told his mother about it while he was still a minor, and told individuals outside the family about it in June 2003.  We conclude that appellant's judicial admissions and John and Andrea's summary judgment evidence established that by June 2003, at the latest, appellant had sufficient information regarding the alleged childhood sexual abuse that would have led a reasonably prudent person to make an inquiry that would have led to the discovery of a cause of action.  *See L.C. v. A.D.*, 971 S.W.2d 512, 515 (Tex. App.—Dallas 1997, pet. denied) (op. on reh'g); *Mayzone*, 2014 WL 3747249, at *4 ("Under Texas law, knowledge and reporting of the [sexual] abuse foreclose the contention that this abuse was inherently undiscoverable." (quoting *Doe v. St. Stephen's Episcopal Sch.*, 382

–14–

Fed. App'x. 386, 389 (5th Cir. 2010) (per curiam)); *Placette v. M.G.S.L.*, No. 09-09-00410-CV, 2010 WL 1611018, at *5–6 (Tex. App.—Beaumont Apr. 22, 2010, no pet.) (mem. op.) (no exception to five-year statute of limitations for claims based on childhood sexual abuse when plaintiff was always aware of abuse, but claimed not to be aware of causal connection between psychological difficulties and assaults); *Sanchez v. Archdiocese of San Antonio*, 873 S.W.2d 87, 89–91 (Tex. App.—San Antonio 1994, writ denied) (defendant negated application of discovery rule by showing that plaintiff, by her own admission, knew of abuse when it occurred); *see also Exxon Corp.*, 348 S.W.3d at 207 ("After being put on notice of the alleged harm or injury-causing actions, the claimant must exercise reasonable diligence to investigate the suspected harm and file suit, if at all, within the limitations period."). Therefore, the burden shifted to appellant to present controverting evidence regarding discovery of his cause of action. *See L.C.*, 971 S.W.2d at 515.

Appellant admits he knew about the alleged abuse before he was eighteen years old, but argues he could not have discovered his injury until he was diagnosed with PTSD in 2010 and began understanding the impact of the alleged abuse on the development of his brain. However, the appellate record contains only the summary judgment evidence relied on by John and Andrea and does not contain any summary judgment evidence that appellant has been diagnosed with PTSD or why this diagnosis should impact the discovery of his claims. We conclude the summary judgment evidence in the appellate record established as a matter of law that appellant discovered or, through the exercise of reasonable diligence should have discovered, the nature of his injuries by June 2003. Since appellant did not bring his claims until December 2011, more than five years after that date, all his claims are barred by limitations. We resolve appellant's first, fourth, and fifth issues against him.

–15–

In his sixth issue, appellant argues that John and Andrea should be estopped from relying on limitations because John fraudulently concealed the nature and source of appellant's injury and John and Andrea failed to address either fraudulent concealment or equitable estoppel in their motion for summary judgment. "Fraudulent concealment is based upon the doctrine of equitable estoppel . . . [and] estops a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim." *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983). A party asserting fraudulent concealment or equitable estoppel as an affirmative defense to the statute of limitations has the burden to raise it in a response to the summary judgment motion and to come forward with summary judgment evidence raising a fact issue on each of the elements of these defenses. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999); *see also Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974); *Mayzone*, 2014 WL 3747249, at \*5. "When the party asserting an affirmative defense fails to raise a fact issue on each of the elements of that defense then summary judgment is proper." *Mayzone*, 2014 WL 3747249, at \*5.

Here, appellant, not John and Andrea, had the burden of coming forward with summary judgment evidence in the trial court raising a genuine issue of material fact on whether John and Andrea were precluded from relying on limitations due to fraudulent concealment or equitable estoppel.[13] However, any evidence appellant filed in support of his response to the amended motion for summary judgment is not in the appellate record. Accordingly, he has failed to show the trial erred by determining John and Andrea were not estopped from relying on limitations to bar appellant's claims. We resolve appellant's sixth issue against him.

---

[13] Appellant has not argued on appeal that limitations was tolled due to duress.

## Exclusion of Expert Witnesses

In his third issue, appellant argues the trial court erred by granting the motion to exclude his expert because doing so equated to "death penalty" sanctions. However, because any summary judgment evidence relied upon by appellant in his response to the amended motion for summary judgment is not in the appellate record and because appellant explicitly did not rely on his expert's opinions in responding to the amended motion for summary judgment, he has not shown the testimony of any expert would have impacted the trial court's granting of summary judgment in favor of John and Andrea. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Gilford v. Tex. First Bank*, No. 01-13-00384-CV, 2014 WL 3408698, at *3 (Tex. App.—Houston [1st Dist.] July 10, 2014, no pet. h.) (mem. op.). Further, appellant did not request a continuance of the summary judgment hearing while he pursued his request that the trial court reconsider the exclusion of his expert. *See Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 784 (Tex. App.—Dallas 2013, pet. denied) ("To preserve a complaint that the trial court's decision on the motion for summary judgment was premature, [appellant] was required to file either an affidavit explaining the need for [a witness's] deposition or a verified motion for continuance."). Accordingly, even if the trial court erred by granting the motion to exclude appellant's expert, appellant has failed to show he was harmed by the ruling. We resolve appellant's third issue against him.

## Invalid Orders

In his seventh issue, appellant argues the proposed order granting the amended motion for summary judgment and the proposed final judgment were submitted to the trial court in violation of Local Rule 2.08 of the Civil Courts of Dallas County Texas, the trial court erred by ordering him to pay all costs relating to the case without John and Andrea specifying what those costs

were and despite the inequity of the ruling, and the trial court erred by declining to rule on a number of appellant's motions, including motions to set aside the order excluding his expert, the order granting the amended motion for summary judgment, and the final judgment, and his motion for new trial.

Appellant first argues the order granting the amended motion for summary judgment and the final judgment were signed in violation of local rule 2.08 because John and Andrea's counsel failed to provide appellant's counsel with copies of the proposed order and proposed final judgment at least two working days before submitting them to the trial court for signature.[14] However, local rule 2.08 does not contain any provision indicating that the failure of a party to follow the rule renders the trial court's order or judgment void. *See Starnes v. Holloway* 779 S.W.2d 86, 96 (Tex. App.—Dallas 1989, writ denied) (rejecting argument that consolidation order was void because motion to consolidate was not filed in the earliest case filed as required by local rule). Accordingly, any failure by John and Andrea's counsel to provide appellant's counsel two working days' notice of either the proposed order or the proposed final judgment does not affect the validity of either the order granting the amended motion for summary judgment or the final judgment.

Appellant next complains the trial court ordered him to pay all costs related to the case, without John and Andrea specifying what those costs were and despite the inequity of the ruling. The allocation of costs is within the trial court's discretion and, absent an abuse of that discretion, cannot be overturned on appeal. *Univ. of Houston-Clear Lake v. Marsh*, 981 S.W.2d 912, 914 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Unless the trial court makes a finding of good cause, an abuse of discretion is shown when costs are not allocated according to the provisions of rule of civil procedure 131. *Id.* Pursuant to rule 131, "[t]he successful party to a

---

[14]*See* www.dallascounty.org/department/districtclerk/media/New_LocalRules_for CivilCourt.pdf.

suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. Accordingly the trial court did not abuse its discretion by awarding costs to John and Andrea as the prevailing parties. *See 2920 Park Grove Venture, Ltd. v. LandAmerica Am. Title Co.*, No. 05-07-00090-CV, 2008 WL 650946, at *1 (Tex. App.—Dallas Mar. 12, 2008, no pet.) (mem. op.).

As to the proper amount of costs, we rely on the clerk's bill of costs. *See Pitts v. Dallas Cnty. Bail Bond Bd.*, 23 S.W.3d 407, 417 (Tex. App.—Amarillo 2000, pet. denied) (op. on reh'g). Although the trial court determines whether a party is the "successful" party and entitled to costs, the taxing or tabulation of costs is determined by the clerk. *2920 Park Grove Venture, Ltd.*, 2008 WL 650946, at *1. The successful party must apprise the clerk of their costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.007 (West 2008); *2920 Park Grove Venture, Ltd.*, 2008 WL 650946, at *1. If the party against whom costs have been assessed wishes to complain about the taxation of any specific costs, the proper remedy is to file a motion to re-tax costs in the trial court. *Williams v. Colthurst*, 253 S.W.3d 353, 363 (Tex. App.—Eastland 2008, no pet.).

Finally, appellant contends the trial court failed to rule on several of his motions. Appellant specifically argues the trial court failed to rule on his motions to reconsider the exclusion of his expert, to set aside the order granting the amended motion for summary judgment and the final judgment, and for new trial. Other than his request the trial court set aside the order granting the amended motion for summary judgment and the final judgment due to John and Andrea's alleged failure to comply with local rule 2.08, discussed above, all the specified motions requested the trial court reconsider a substantive ruling in the case. A trial court does not abuse its discretion by refusing to rule on motions for reconsideration, *Elec. Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 736 n.5 (Tex. App.—Dallas 1993, orig. proceeding), or by

failing to rule on a motion for new trial. *Hamilton v. Williams*, 298 S.W.3d 334, 337 (Tex. App.—Fort Worth 2009, pet. denied). We resolve appellant's seventh issue against him.

We affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


130524F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRIAN CAYCE BERTRAND, Appellant

No. 05-13-00524-CV     V.

JOHN DAVID BERTRAND AND
ANDREA GAIL ROBINSON BERTRAND,
Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-11-15646.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees John David Bertrand and Andrea Gail Robinson Bertrand recover their costs of this appeal from appellant Brian Cayce Bertrand.

Judgment entered this 4th day of November, 2014.