**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JIMMIE MAE CARTER, | No. 15-56426 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-03329-PSG-AGR |
| AMGEN, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 17, 2017
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges; and MURPHY III,**
District Judge.

Jimmie Mae Carter appeals the district court's order dismissing her case against

Amgen, Inc. with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

*See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  We review for abuse of discretion denials of leave to amend and for extensions of time.  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  We affirm the district court's dismissal of Carter's First Amended Complaint.

**1.**  Carter's claims were time-barred.  Carter's husband last purchased Aranesp in 2007, but Jimmie Carter did not file her suit until 2014.  California's and Texas' statutes of limitations control her claims.  *See Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987).  Because the longest applicable statute of limitations was four years, *see* Cal. Bus. & Prof. Code § 17208, all of Carter's claims were time-barred.  The "discovery rule" did not toll the limitation period because Carter did not show that her cause of action could not have been discovered earlier despite reasonable diligence.  *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005); *Bertrand v. Bertrand*, 449 S.W.3d 856, 867–68 (Tex. App. 2014).  Specifically, Carter did not allege that she or her husband ever asked his doctors why they switched his medicine or why, if they had asked, they would not have received that information.  Carter also concedes that her husband's lawyer knew, in 2006, why his doctors switched him to Aranesp.  And because "an attorney's knowledge is imputed to the client," *Bennett v. Shahhal*, 89

Cal. Rptr. 2d 272, 276 n.3 (Ct. App. 1999) (citation omitted), Carter could have asked either her husband or his attorney why the medication was switched.

**2.** Even absent the time bar, Carter's First Amended Complaint failed to satisfy Rule 9(b)'s heightened pleading standard for claims alleging fraud because it did not state with particularity the specific false or misleading statements that Amgen allegedly made. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–26 (9th Cir. 2009); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Her references to Amgen representatives' alleged "oral and written statements" and instructions failed to specify when and where those statements were made, the specific content of the statements, and the identities of the individuals who made them. And Amgen's 2012 plea agreement did not contain any specifically false or misleading statements about Aranesp's use in treating anemia of cancer. Thus, the district court properly dismissed the complaint for failure to satisfy Rule 9(b).

**3.** The district court did not abuse its discretion in denying Carter's motion for an extension. Even though the district court allowed Carter almost a full month to amend her First Amended Complaint and gave her specific instructions on which allegations should be pled to remedy the deficiencies, Carter sought a 30-day extension one week before the filing deadline. The district court considered that the case had been pending for nine months and still had not proceeded to discovery, the

prejudice to Amgen in incurring additional costs from the delay, and the fact that it had already dismissed two of Carter's previous complaints. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (a district court may dismiss a case without leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment" (alterations and citation omitted)).

Each party shall bear its own costs on appeal.

**AFFIRMED.**