ACCEPTED
05-17-00257-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/1/2018 6:12 PM
LISA MATZ
CLERK

# FIFTH COURT OF APPEALS

## No. 05-17-00257-CR

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

06/01/2018 6:12:54 PM

LISA MATZ
Clerk

*Ali L. Ghanbari, Appellant,*

*v.*

*State of Texas, Appellee*

### On Appeal from the 199th District Court, Collin County
### No. 199-81974-2013

# Appellant's Response to
# State's Motion to Strike Appellant's Brief

**Michael Mowla**
**P.O. Box 868**
**Cedar Hill, TX 75106**
**Phone: 972-795-2401**
**Fax: 972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**
**Attorney for Appellant**

**To the Honorable Justices of the Court of Appeals:**

Attorney for Appellant files this response to the State's motion to strike the Appellant's Brief:

## 1. The allegation that Attorney for Appellant used the Appendix avoid the word-limit on the Appellant's Brief is <u>unfounded</u>

1.      On June 1, 2018, the State filed a motion to strike the Appellant's Brief, arguing that Attorney for Appellant attempted to use the Appendix to avoid the word-limit on the Appellant's Brief.

2.      This allegation is unfounded.

3.      The State also claims in its certificate of conference that "[O]n May 16, 2018, Assistant District Attorney John Rolater spoke with Appellant's counsel, Michael Mowla, about this motion. Mr. Mowla disagreed that his brief violates the word limit and would oppose this motion."

4.      What Attorney for Appellant told John Rolater is that for the reasons stated in the Appellant's Brief, his conversation with Mr. Rolater, and explained in this Response, this is a **nonissue** for Attorney for Appellant.

5.      As Attorney for Appellant explained in the Appellant's Brief, the issue of whether Tex. Code Crim. Proc. Art. 38.23(a) requires suppression of all the evidence obtained by the police concerning the "Ali-cellphone" is pending before the Texas Court of Criminal Appeals ("TCCA") in *Sims v. State*, No. PD-0941-17 (Tex. Crim. App., pet. gr.).

6. Attorney for Appellant is the attorney for Appellant Sims in that case.

7. In the Appellant's Brief, Attorney for Appellant explained, "The issue regarding whether Tex. Code Crim. Proc. Art. 38.23(a) (2016) requires suppression of the evidence involves detailed briefing and **cannot be presented in full** in this Brief due to the word-limitation."

8. This means that Issue 4 is complex and **cannot** be briefed in full as it was briefed in *Sims*.

9. Attorney for Appellant did **<u>not</u>** state that Issue 4 is **inadequately briefed** so Attorney for Appellant desires this Court to look to the Appellant's Brief in *Sims* that is attached in the Appendix for "additional briefing."

10. This is precisely what Attorney for Appellant told Mr. Rolater.

11. And, Attorney for Appellant told Mr. Rolater that he included the Brief in *Sims* as a courtesy to this Court and to the State (rather than simply providing a link to the *Sims* brief, which Attorney for Appellant could have done to avoid spending time responding to this motion).

12. As Attorney for Appellant explains in the Appellant's Brief, in *Sims v. State*, 526 S.W.3d 638 (Tex. App. Texarkana 2017), the Sixth Court of Appeals ruled that Art. 38.23(a) does **not** require suppression when the evidence is obtained in violation of Tex. Code Crim. Proc. Art. 18.21 § 1(3)(c) (2016) or the Federal Stored Communication Act ("SCA").

13. On October 29, 2017, Attorney for Appellant filed a petition for discretionary review, *Sims v. State*, No. PD-0941-17 (Tex. Crim. App., pet. filed Oct. 29, 2017), which was granted on February 14, 2018 on Grounds 1 and 2. *Sims v. State*, No. PD-0941-17 (Tex. Crim. App., pet. gr.).

14. In Ground 1, Attorney for Appellant argued that the Sixth Court of Appeals erred by ruling that under Tex. Code Crim. Proc. Art. 38.23(a), violations of the Federal Stored Communication Act ("SCA") and Tex. Code Crim. Proc. Art. 18.21 do **not** require suppression of evidence pertaining to the warrantless pinging of a cellphone because: (1) the plain-language of Tex. Code Crim. Proc. Art. 38.23(a) states that **no** evidence obtained by an officer or other person in violation of any provisions of Texas or federal law shall be admitted in evidence against the accused; (2) Tex. Code Crim. Proc. Art. 38.23(a) is intended to provide greater protection than the Fourth Amendment; and (3) it is irrelevant that the SCA and Tex. Code Crim. Proc. Art. 18.21 do **not** provide that suppression is available since they are laws of Texas and the United States, and **neither** prohibits suppression of illegally obtained evidence under Art. 38.23(a).

15. In Ground 2, Attorney for Appellant argued that the Sixth Court of Appeals erred by holding that Appellant was **not** entitled to a reasonable expectation of privacy in the real-time, tracking-data that was illegally seized because under the Fourth Amendment and Tex. Code Crim. Proc. Art. 38.23(a), a person has a

legitimate expectation of privacy in real-time tracking-data regardless of whether he is in a private or public location.

16. Attorney for Appellant simply stated in the Appellant's Brief, "For a better understanding of the issues, undersigned counsel attaches the Appellant's Brief in *Sims* in the Appendix. The arguments for Appellant would be substantially similar as those undersigned counsel made for Mr. Sims. *Sims* is pending before the TCCA, and the opinion of the TCCA will likely control the resolution of this Issue."

17. This is all and nothing more.

**2. The State's argument that a party may include in the appendix only those pages that come strictly from the record on appeal and cannot include text from a statute, excerpts from an old law review article, or things pertinent to the issues or points presented for review is <u>incorrect</u>**

18. Further, the State argues that because the *Sims* brief was "outside the appellate record," it should **not** be considered.

19. In support of this argument, the State cites *Bertrand v. Bertrand*, 449 S.W.3d 856, 863 & n.8 (Tex. App. Dallas 2014, no pet.) and states that this court held that "documents contained in an appendix but outside the appellate record cannot be considered."

20. However, a cursory glance at page 863 and footnote 8 of *Bertrand* reveals that the offending party submitted **affidavits** (i.e., evidence outside the record) in the Appendix, which obviously were **not** included in the record on appeal

5

(emphasis supplied):

> On February 5, 2013, appellant filed a pleading which contained objections to John and Andrea's motion to strike his response to the amended motion for summary judgment and a motion to vacate the order granting summary judgment and final judgment. In that pleading, appellant stated he "mailed reply brief exhibits to the Court under separate cover" from his response to the amended motion for summary judgment. The documents filed "under separate cover" are not included in the appellate record. **Although appellant included a number of citations to the appellate record in his brief, he also cites extensively to documents included in his appendix, <u>including to a number of affidavits.</u>** We cannot consider documents cited in a brief and attached as an appendix if they are not formally included in the record on appeal. See Am. Heritage Capital, LP v. Gonzalez, 436 S.W.3d 865, 882 n.3 (Tex. App.—Dallas 2014, no pet.).

21.     Obviously, affidavits, which are new evidence and are never in a record on appeal, are **not** appropriate for an appendix.

22.     Attorney for Appellant did **not** include "documents" that are evidence pertaining to Appellant's case that are outside the record on appeal such as affidavits or other documents. Attorney for Appellant merely attached the *Sims* brief to alert this Court and the State.

23.     *Bertrand* is a civil case.  The only applicable rule for an Appendix is Tex. Rule App. Proc. 38.1(k)(2) (2018), which provides,

> Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

24.     An **alert** to this Court (and the State) that the issues in Issue 4 are

pending before the TCCA can reasonably be construed as "[a]ny other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material."

26. Otherwise, if the State were correct that the only items that could be included in the Appendix are pages that come strictly from the record on appeal, a party would **not** be permitted to include in an appendix text from a statute or excerpts from an old law review article that is **not** found on Lexis or Westlaw. This of course is **not** the case.

26. Attorney for Appellant rarely uses an appendix in criminal appeals, and again, Attorney for Appellant included the *Sims* brief only as a courtesy to the Court and the State so that both are alerted to the pending *Sims* case and the fact that the decision of the TCCA in *Sims* will be controlling on Issue 4.

27. Attorney for Appellant awaits this Court's instructions.

28. If this Court asks Attorney for Appellant to file an amended brief **without** the Appendix, Attorney for Appellant will be **happy** to do so.

29. If, on the other hand, this Court agrees that the Appendix is included only as a courtesy to the Court and the State so that both are alerted to the pending *Sims* case and the fact that the decision of the TCCA in *Sims* will be controlling on Issue 4, Attorney for Appellant will **not** expect the State to address arguments

7

outside what is briefed in Issue 4 in the body of the Appellant's Brief.

30. Attorney for Appellant certainly will **not** expect the State to respond to the arguments contained in the *Sims* brief, as this would **not** be appropriate and would be irrelevant since the decision of the TCCA will likely control.

## Prayer

Attorney for Appellant awaits instructions from this Court.

Respectfully submitted,

Michael Mowla
P.O. Box 868
Cedar Hill, TX 75106
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

**/s/ Michael Mowla**
Michael Mowla

## Certificate of Service

I certify that on June 1, 2018, a copy of this document was served on John Rolater of the Collin County District Attorney's Office, Appellate Division, by Texas efile or email to daappeals@collincountytx.gov.

**/s/ Michael Mowla**
Michael Mowla