ACCEPTED
05-17-00257-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/1/2018 5:08 PM
LISA MATZ
CLERK

In the Court of Appeals for the
Fifth District of Texas at Dallas

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/1/2018 5:08:40 PM
LISA MATZ
Clerk

**Ali L. Ghanbari,**
Appellant

§
§
§
§
§
§
§

v.

No. **05-17-00257-CR**

**The State of Texas,**
Appellee

## State's Motion to Strike Appellant's Brief

Comes Now, the State of Texas, and requests that the Court strike Appellant's brief; or, in the alternative, strike the first of his two appendices:

## I.

Appellant was convicted of aggravated robbery after a jury trial. The jury assessed punishment at 27 years' confinement. Appellant timely filed notice of appeal.

## II.

On April 26, 2018, Appellant filed his brief. The certificate of compliance states that the brief contains 14,961 words. Attached to the 84-page brief is an appendix consisting of a brief in another, unrelated case. The certificate of compliance in the attached 69-page brief states that the brief contains 12,819 words.

1

The Fourth Issue in Appellant's brief asserts that it "involves detailed briefing and **cannot** be presented in full in this Brief due to the word-limitation." Brief at 68-69 (emphasis in original). Appellant's brief further states:

> For a better understanding of the issues, undersigned counsel attaches the Appellant's brief in *Sims* in the Appendix. The arguments for Appellant would be substantially similar as those undersigned counsel made for Mr. Sims. *Sims* is pending before the TCCA, and the opinion of the TCCA will likely control the resolution of this Issue.

Brief at 70. Appellant also states: "A full analysis of *Harrison* and how it applies to *Sims* and to Appellant is provided in Appendix pages 58-62." Brief at 71.

### III.

The word limit for an opening brief in a non-death-penalty case is 15,000 words. *See id.* 9.4(i)(2)(B). The Court may allow a longer brief on motion of a party. *Id.* 9.4(i)(4). Notably, the Rules of Appellate Procedure do not contemplate a brief in a criminal appeal to contain an appendix. *See id.* 38.1(k) (providing for "Appendix in Civil Cases"); *see generally Moore v. State*, 110 S.W.3d 31 n. 1 (Tex. App.—Waco 2002, no pet.) (mem. op.) ("Actually, Rule 38 does not expressly provide for the inclusion of an appendix in a criminal brief."). To the extent a party in a criminal case is allowed to use an appendix, the Rules specifically prohibit using it to avoid the word limits on briefs. *See id.* 38.1(k)(2); *Moore*, 110 S.W.3d at 31 ("[A] party who chooses to provide an appendix in a criminal brief must not use the appendix in an effort to avoid the page limits of

2

Rule 38.4."). This Court has stated: "We do not look outside appellant's brief for his arguments and ignore devices such as appellant has used to circumvent the briefing rules." *Coleman v. Prospere*, 510 S.W.3d 516, 519 n.4 (Tex. App.—Dallas 2014, no pet.) (discussing appellant's references in his brief to nearly 60 pages of additional argument and authorities in the appendices). This Court has also stated that an appellate court cannot consider documents cited in a brief and attached as an appendix if they are not formally included in the record on appeal. *See Bertrand v. Bertrand*, 449 S.W.3d 856, 863 & n.8 (Tex. App.—Dallas 2014, no pet.) (holding that documents contained in an appendix but outside the appellate record cannot be considered).

## IV.

Appellant's brief violates the briefing rules by attaching as an appendix a brief in another case and incorporating its arguments by reference rather than making a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," as required. Tex. R. App. P. 38.1(i). Consequently, it is unclear how the law argued in this other brief applies to the facts of the instant case. This puts the State in the untenable position of having to read and comprehend a 69-page brief in a completely different case to determine if and how it applies in the instant case. In short, Appellant leaves it to the State to

make his arguments for him in order to refute them. This is contrary to the letter and the spirit of the Rules.

Moreover, Appellant does not indicate that the "Appendix" associated with this Fourth Issue is otherwise included in the appellate record. Accordingly, it is not a proper item for inclusion as an appendix to an appellate brief. *See Bertrand*, 449 S.W.3d at 863 & n.8.

## V.

WHEREFORE, the State prays that this Court strike Appellant's entire brief; or, in the alternative, strike the first of the brief's two appendices.

Respectfully submitted,

**GREG WILLIS**
Criminal District Attorney
Collin County, Texas

**JOHN R. ROLATER, JR.**
Assistant District Attorney
Chief of the Appellate Division

/s/ Libby Lange
**LIBBY LANGE**
Assistant Criminal District Attorney
2100 Bloomdale Rd., Ste. 200
McKinney, Texas 75071
Bar No. 11910100
(972) 548-4373
llange@co.collin.tx.us

**CERTIFICATE OF SERVICE**

The State has e-served counsel for Appellant, Michael Mowla, through the eFileTexas.gov filing system at michael@mowlalaw.com on this the 1st day of June, 2018.

/s/ Libby Lange
Libby Lange

**CERTIFICATE OF CONFERENCE**

On May 16, 2018, Assistant District Attorney John Rolater spoke with Appellant's counsel, Michael Mowla, about this motion. Mr. Mowla disagreed that his brief violates the word limit and would oppose this motion.

/s/ Libby Lange
Libby Lange