**AFFIRMED; Opinion Filed April 29, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00057-CV**

**LOU D. VASQUEZ AND NILDA A. VASQUEZ, Appellants**
**V.**
**FIREBIRD SFE I, LLC, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-05077-E**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Nowell

This is a forcible detainer action. Following a bench trial, the county court at law determined appellee Firebird SFE I, LLC (Firebird) had a superior right to immediate possession of the property at issue. Appellants Lou D. Vasquez and Nilda A. Vasquez appeal the trial court's judgment. In three issues, appellants argue there was not a statutorily sufficient pre-suit demand for possession; Firebird lacked standing to prosecute its claim; and the trial court lacked jurisdiction due to apparent defects in the title to the property. We affirm the trial court's judgment.

The record shows Firebird filed a verified petition for forcible entry and detainer in the justice court, and the justice court found in Firebird's favor. The Vasquezes appealed and, following a bench trial, the trial court also found in favor of Firebird. The trial court entered findings of fact stating: (1) Firebird purchased the property at a foreclosure auction on April 3, 2018, (2) via Substitute Trustee's Deed dated April 12, 2018, Substitute Trustee Rick Montgomery conveyed the property to Firebird; (3) according to the Substitute Trustee's Deed, the Vasquezes were the borrowers who were foreclosed upon; (4) via letter dated April 26, 2018, the Vasquezes were notified to vacate the property within three days; and (5) the Vasquezes failed to vacate the property. The trial court's conclusions of law state: (1) the Vasquezes are proper parties to the lawsuit; (2) Firebird provided the Vasquezes with proper notice to vacate under the Texas Property Code; (3) the Vasquezes have unlawfully detained the property; and (4) Firebird is entitled to possession of the property.

In their first issue, the Vasquezes assert the trial court erred by hearing the case and rendering judgment because Firebird failed to make a sufficient pre-suit demand for possession. The Vasquezes argue Firebird did not have a superior right to possession and, therefore, could not make a proper demand for possession. The record on appeal does not include a reporter's record from the trial. The trial court's findings of fact state Firebird notified the Vasquezes to vacate the property, and the Vasquezes failed to do so. Because there is no reporter's record in this appeal, we

presume the evidence supports the trial court's finding. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) ("[C]ourt of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment."); *Lyons v. Polymathic Properties, Inc.*, No. 05–15–00408–CV, 2016 WL 3564210, at *2 (Tex. App.—Dallas June 29, 2016, no pet.) (mem. op.) ("The absence of a reporter's record obligates us to presume the evidence presented supports the judgment."); *Heckendorn v. First Mortgage Co.*, No. 13–12–00451–CV, 2013 WL 5593520, at *4 (Tex. App—Corpus Christi 2013, no pet.) ("The reporter's record does not appear in the appellate record. Because there is no reporter's record, we must presume the missing record would support the trial court's decision."). In the absence of a reporter's record in this case, we presume the evidence supports the trial court's finding and judgment. Doing this, we conclude Firebird's notice to the Vasquezes to vacate the property was sufficient. We overrule the Vasquezes' first issue.

In their second and third issues, the Vasquezes argue the substitute trustee's deed was issued in violation of a "temporary restraining order of a sister court to the trial court." Although the Vasquezes included the order that forms the basis of their second issue in the appendix to their brief; the order does not appear in our record. Because the document is not part of our record, we cannot consider it. *See Bertrand v. Bertrand*, 449 S.W.3d 856, 863 n.8 (Tex. App.—Dallas 2014, no pet.) ("We cannot consider documents cited in a brief and attached as an appendix if they are

–3–

not formally included in the record on appeal."). Additionally, the trial court found that via Substitute Trustee's Deed dated April 12, 2018, Substitute Trustee Rick Montgomery conveyed the property to Firebird. Absent a reporter's record, we cannot conclude this finding was in error. We conclude the Vasquezes have not shown the substitute trustee's deed was issued improperly or the trial court's judgment was in error. We overrule the Vasquezes' second and third issues.

We affirm the trial court's judgment.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


190057F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LOU D. VASQUEZ AND NILDA
A. VASQUEZ, Appellants

No. 05-19-00057-CV          V.

FIREBIRD SFE I, LLC, Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-05077-
E.
Opinion delivered by Justice Nowell.
Justices Schenck and Molberg
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FIREBIRD SFE I, LLC recover its costs of this appeal from appellants LOU D. VASQUEZ AND NILDA A. VASQUEZ.

Judgment entered this 29th day of April, 2020.