**AFFIRMED; Opinion Filed October 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01286-CV

**NANCY JEAN PETTERSON, Appellant**
**V.**
**JGMS INVESTMENTS LLC AND EL COPPELL, LLC, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-03547-B**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Nancy Jean Petterson appeals the trial court's determination following a trial before the court that JGMS Investments LLC recover on its suit against Petterson for breach of promissory notes and that Petterson take nothing on her claims against JGMS and El Coppell, LLC for wrongful foreclosure and trespass to try title. Petterson brings one issue on appeal contending the foreclosure was void because the notice of foreclosure did not contain the notice required by section 51.002(i) of the Texas Property Code. Because Petterson did not request the preparation of the reporter's record, and no reporter's record was filed with the Court, we must presume the evidence admitted during the bench trial supports the trial court's judgment. Accordingly, we affirm the trial court's judgment.

## BACKGROUND[1]

Petterson borrowed $300,000 from Town Center Bank on two promissory notes of $150,000 each. The loans were secured by deeds of trust on Petterson's real property. The bank later assigned the notes and deeds of trust to JGMS. When Petterson defaulted on the notes, the substitute trustee posted the property for foreclosure. JGMS purchased the property at the foreclosure sale. JGMS also brought suit against Petterson for a deficiency from the foreclosure sale. JGMS later sold the property to El Coppell for $600,000. Petterson filed a counterclaim against JGMS for wrongful foreclosure asserting the foreclosure sale was void because (1) JGMS's notice of foreclosure did not comply with the requirements of section 51.002(i) of the Property Code, and (2) the consideration received at the foreclosure sale for the property was grossly inadequate. Petterson also sued El Coppell for trespass to try title.

The parties tried the case before the court. The court ordered that JGMS recover $327,902.33 from Petterson plus attorney's fees of $28,456.40. The court also ordered that Petterson take nothing on her claims for wrongful foreclosure and trespass to try title. The court declared that the foreclosure sale "was legally valid and effective, and that El Coppell has title in fee simple to the Property to the exclusion of all legal and equitable interest of" Petterson.

## ANALYSIS

In her issue on appeal, Petterson contends the foreclosure sale was void because the notice of foreclosure failed to include the notice required by section 51.002(i) of the Property Code. The Property Code requires a notice of foreclosure to contain the following statement:

> Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces

---

[1] These facts are derived from the party's pleadings, the final judgment, and from the "Joint Stipulations" filed in the trial court.

> of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

TEX. PROP. CODE ANN. § 51.002 (West 2014). Petterson asserts the notice of foreclosure sent to her did not contain this required statement, and although she was not a member of the armed forces, the omission of the required statement made the foreclosure void. *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale."). Essentially, Petterson's argument is that the evidence at the trial proved as a matter of law that the foreclosure sale was void, which is a challenge to the legal sufficiency of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam) ("When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue.").

Petterson did not request the trial court to make findings of fact and conclusions of law, and she did not request the court reporter to prepare a reporter's record.[2] When there is no reporter's record and findings of fact and conclusions of law are neither requested nor filed, we assume the trial court heard sufficient evidence to make all necessary findings in support of the judgment. *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Petterson cannot prevail on a challenge to the sufficiency of the evidence without first meeting her burden of presenting a sufficient record on appeal. *See Hebisen*, 217 S.W.3d at 536.

---

[2] The court reporter notified the Court about the status of the record: "Although I have reported hearings in connection with the above-styled case, I have not been requested to prepare a Reporter's Record regarding any hearings in this case, and no payment arrangements have been made regarding payment for a Reporter's Record. Therefore, at this time there is no Reporter's Record to be filed."

The supplemental clerk's record contains a document styled "Joint Stipulations by JGMS Investments, LLC & Nancy Jean Patterson," but the record does not show that the document was joined by El Coppell. The document stated that the parties "stipulate to the following matters and to the admissibility of the evidence referenced herein for purposes of trial in this cause." During oral argument of this appeal, Petterson's counsel stated the case was tried before the trial court on the parties' stipulations and that no oral testimony was presented. El Coppell's counsel stated in its brief that El Coppell submitted its own stipulations in the trial court that varied materially from those presented by Petterson and JGMS. El Coppell's stipulations are not included in the record on appeal. Petterson's counsel also stated the exhibits introduced into evidence at the trial were those included in the appendix to Petterson's brief. One of the attachments to Petterson's brief was a deed of trust that was not part of the appellate record. Documents attached to a brief that are not formally included in the record are not properly before the court of appeals and may not be considered by this Court. *Bertrand v. Bertrand*, 449 S.W.3d 856, 863 n.8 (Tex. App.—Dallas 2014, no pet.). Furthermore, the record does not show this case was tried on an agreed record under Rule of Civil Procedure 263. *See* TEX. R. CIV. P. 263.

Without the reporter's record of the bench trial, we cannot determine whether the parties introduced the evidence referenced in the stipulations or whether they presented other evidence contrary to the stipulations. The trial court's final judgment states the court considered "the pleadings, motions, responses, *evidence*, joint stipulations, and joint exhibits agreed to and entered by all parties." (Emphasis added.) Without a record of the bench trial, we must assume the "evidence" admitted at the trial was sufficient to support the trial court's judgment. *See Hebisen*, 217 S.W.3d at 536. We overrule Petterson's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

     /Lana Myers/

     LANA MYERS

151286F.P05             JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NANCY JEAN PETTERSON, Appellant

No. 05-15-01286-CV          V.

JGMS INVESTMENTS LLC AND EL
COPPELL, LLC, Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-03547-B.
Opinion delivered by Justice Myers. Justices
Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees JGMS INVESTMENTS LLC AND EL COPPELL, LLC recover their costs of this appeal from appellant NANCY JEAN PETTERSON.

Judgment entered this 20th day of October, 2016.